OUTTEN & GOLDEN LLP
Justin M. Swartz
Jennifer L. Liu
Deirdre A. Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz (*pro hac vice* forthcoming)
Keith M. Stern (*pro hac vice* forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

ANTONELLA CALABRESE, MICHAEL
PUGLISI, FAINA MILLER, KATHLEEN
HURST, and SADIA SYED, on behalf of
themselves and all others similarly situated,

Plaintiffs,

-against-

TD Bank, N.A.,

Defendant.

**CV 13 - 0637**

CLASS AND COLLECTIVE
ACTION COMPLAINT

WEXLER, J
BROWN, M. J.

Plaintiffs Antonella Calabrese, Michael Puglisi, Faina Miller, Kathleen Hurst, and Sadia

Syed ("Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys,

Outten & Golden LLP and Shavitz Law Group, P.A., upon personal knowledge as to themselves

and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.       This lawsuit seeks to recover overtime compensation for Plaintiffs and their

similarly situated co-workers who have worked as Assistant Store Managers ("ASMs")[1] for TD

Bank, N.A. ("TD Bank" or "Defendant") in the United States.

---

[1] TD Bank refers to assistant bank managers as "Assistant Store Managers."

2.       With over $130 billion in assets and more than 1,315 branches, TD Bank is one of the ten largest banks in the United States. TD Bank operates in fifteen (15) states along the east coast and in the District of Columbia.

3.       TD Bank bills itself as "America's Most Convenient Bank." To distinguish itself from its competitors, TD Bank's 1,315 branches are open seven (7) days a week and offer extended hours on most days. Indeed, some TD Bank branches are open as many as twelve-and-a-half hours a day.

4.       While this business model provides convenience to TD Bank's customers, it is accomplished at the expense of its employees, who must work long hours to staff TD Bank's branches throughout these extended hours.

5.       TD Bank strictly limits the number of employees who work in each branch. In addition, TD Bank strictly limits the amount of overtime that hourly employees, such as tellers and customer service representatives, are allowed to work.

6.       In order to serve its customers and maintain its lean staffing model, TD Bank utilizes ASMs as "floaters," who spend the vast majority of their time performing the same duties as non-exempt hourly tellers and customer service representatives. Specifically, TD Bank ASMs' primary duties which occupy the majority of their time are working on the teller line or on the sales floor. TD Bank's ASMs who are classified as exempt are required to perform this non-exempt work in order to keep the branches fully staffed during its extended operating hours.

7.       Throughout the relevant period, it has been TD Bank's nationwide policy to uniformly classify ASMs as exempt from federal and state overtime provisions and not to pay ASMs any overtime wages.

8.       In order to keep the branches adequately staffed during TD Bank's extended

- 2 -

hours, TD Bank regularly requires ASMs to work in excess of 40 hours per week.

9.    The primary duties of ASMs are non-exempt: working as a bank teller, performing customer service tasks, and doing operations work, such as conducting routine audits and reporting. These primary duties do not vary significantly from one TD Bank branch to another throughout the United States.

10.   The primary duties of ASMs do not fall under any of the exemptions under federal or state overtime laws.

11.   By the conduct described in this Class and Collective Action Complaint, TD Bank has violated the Fair Labor Standards Act ("FLSA"), as well as various state labor laws, by failing to pay ASMs, including Plaintiffs, the overtime wages they have earned and to which they are entitled by law.

12.   Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of TD Bank who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by TD Bank that have deprived Plaintiffs and others similarly situated of their lawfully earned wages.

13.   Plaintiff Antonella Calabrese (the "Connecticut Plaintiff") also brings this action on behalf of herself and all similarly situated current and former employees of TD Bank who worked in Connecticut pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stats. §§ 31-13a and 31-66.

14.   Plaintiff Michael Puglisi (the "New York Plaintiff") also brings this action on behalf of himself and all similarly situated current and former employees of TD Bank who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the

- 3 -

NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

15.     Plaintiff Faina Miller (the "New Jersey Plaintiff") also brings this action on behalf of herself and all similarly situated current and former employees of TD Bank who worked in New Jersey pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New Jersey Wage and Hour Law ("NJWHL"), N.J. Stat. Ann. § 34:11-56a *et seq.*

16.     Plaintiffs Kathleen Hurst and Sadia Syed (the "Pennsylvania Plaintiffs") also bring this action on behalf of themselves and all similarly situated current and former employees of TD Bank who worked in Pennsylvania pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*

## THE PARTIES

### *Plaintiffs*

#### *Antonella Calabrese*

17.     Plaintiff Antonella Calabrese is an adult individual who is a resident of Torrington, Connecticut.

18.     Calabrese was employed by TD Bank from approximately March 1998 to October 2010. From approximately July 2006 to 2009, she worked as an ASM in the TD Bank branch located in Waterbury, Connecticut. From approximately 2009 to October 2010, she worked as an ASM in the TD Bank branch located in Torrington, Connecticut.

19.     Calabrese's primary job duties did not change when she moved from branch to branch.

20.     Calabrese is a covered employee within the meaning of the FLSA and CMWA.

- 4 -

21. A written consent form for Calabrese is attached hereto as Exhibit A.

**Michael Puglisi**

22. Plaintiff Michael Puglisi is an adult individual who is a resident of Levittown, New York.

23. Puglisi was employed by TD Bank from approximately April 2007 to February 2011. From approximately April 2007 to October 2010, he worked as an ASM in the TD Bank branch located in Valley Stream, New York. From approximately October 2010 to February 2011, he worked as an ASM in the TD Bank branch located in Oceanside, New York.

24. Puglisi's primary job duties did not change when he moved from branch to branch.

25. Puglisi is a covered employee within the meaning of the FLSA and NYLL.

26. A written consent form for Puglisi is attached hereto as Exhibit B.

**Faina Miller**

27. Plaintiff Faina Miller is an adult individual who is a resident of Leonia, New Jersey.

28. Miller was employed by TD Bank from approximately January 2007 to September 2010. Throughout this period, she worked as an ASM in the TD Bank branch located in Ridgefield Park, New Jersey.

29. Miller is a covered employee within the meaning of the FLSA and NJWHL.

30. A written consent form for Miller is attached hereto as Exhibit C.

**Kathleen Hurst**

31. Plaintiff Kathleen Hurst is an adult individual who is a resident of Worcester, Pennsylvania.

32.     Hurst was employed by TD Bank from approximately June 2007 to January 2011. From approximately January 2010 to September 2010, she worked as an ASM in the TD Bank branch located in Plymouth Meeting, Pennsylvania. From approximately October 2010 to January 2011, she worked as an ASM in the TD Bank branch located in Audubon, Pennsylvania.

33.     Hurst's primary job duties did not change when she moved from branch to branch.

34.     Hurst is a covered employee within the meaning of the FLSA and PMWA.

35.     A written consent form for Hurst is attached hereto as Exhibit D.

*Sadia Syed*

36.     Plaintiff Sadia Syed is an adult individual who is a resident of Reading, Pennsylvania.

37.     Syed was employed by TD Bank from approximately April 2011 to January 2012. Throughout this period, she worked as an ASM in the TD Bank branch located in Frazer, Pennsylvania.

38.     Syed is a covered employee within the meaning of the FLSA and PMWA.

39.     A written consent form for Syed is attached hereto as Exhibit E.

***Defendant TD Bank, N.A.***

40.     TD Bank, N.A. is a foreign business corporation, organized and existing under the laws of Delaware with dual corporate headquarters in Cherry Hill, New Jersey, and Portland, Maine.

41.     Throughout the relevant period, TD Bank employed Plaintiffs and similarly situated employees within the meaning of the FLSA, NYLL, NJWHL, CMWA, and PMWA. TD Bank has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

- 6 -

42.     TD Bank is a covered employer within the meaning of the FLSA, NYLL, NJWHL, CMWA, and PMWA, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

43.     At all times relevant, TD Bank maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

44.     TD Bank applies the same employment policies, practices, and procedures to all ASMs.

45.     At all times relevant, TD Bank's annual gross volume of sales made or business done was not less than $500,000.

46.     TD Bank is the entity listed on Plaintiffs' paystubs and W-2s.

## JURISDICTION AND VENUE

47.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367.

48.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

49.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

50.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE-WIDE FACTUAL ALLEGATIONS

51.     Plaintiffs bring the First Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b),

on behalf of themselves and all similarly situated persons who work or have worked for TD Bank as ASMs at any branch location in the United States, on or after February 4, 2010, who elect to opt-in to this action (the "FLSA Collective").

52.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by TD Bank, and/or TD Bank has been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

53.    As part of its regular business practice, TD Bank has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

        a.    willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime wages for hours that they worked in excess of 40 hours per workweek;

        b.    willfully misclassifying Plaintiffs and the members of the FLSA Collective as exempt from the protections of the FLSA; and

        c.    willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of TD Bank.

54.    TD Bank is aware or should have been aware that federal law required them to pay employees performing non-exempt duties, including Plaintiffs and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 per workweek.

55.    Plaintiffs and the FLSA Collective all perform or performed the same primary duty.

56.    TD Bank's unlawful conduct has been widespread, repeated, and consistent.

## CLASS ACTION ALLEGATIONS

*The Connecticut Class*

57.    The Connecticut Plaintiff brings the Second Cause of Action, the CMWA claim,

pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all ASMs who work or have worked at any branch location in Connecticut at any time between February 4, 2011 and the date of final judgment in this matter (the "Connecticut Class").

58.     Excluded from the Connecticut Class are TD Bank, TD Bank's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in TD Bank; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Connecticut Class.

59.     The members of the Connecticut Class are so numerous that joinder of all members is impracticable.

60.     Upon information and belief, the size of the Connecticut Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of TD Bank.

61.     TD Bank has acted or has refused to act on grounds generally applicable to the Connecticut Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Connecticut Class as a whole.

62.     Common questions of law and fact exist as to the Connecticut Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

> a.     whether TD Bank unlawfully failed to pay overtime compensation in violation of the Connecticut Minimum Wage Act, Conn. Gen. Stats. §§ 31-58 *et seq.*;
>
> b.     whether TD Bank failed to compensate the Connecticut Plaintiff and the Connecticut Class for hours worked in excess of 40 hours per workweek;
>
> c.     whether TD Bank misclassified the Connecticut Plaintiff and members of

the Connecticut Class;

d.      whether TD Bank failed to keep true and accurate time and pay records for
        all hours worked by the Connecticut Plaintiff and the Connecticut Class,
        and other records required by the Connecticut Minimum Wage Act,
        Conn. Gen. Stats. §§ 31-13a and 31-66;

e.      whether TD Bank's policy of failing to pay workers was instituted
        willfully or with reckless disregard of the law; and

f.      the nature and extent of class-wide injury and the measure of damages for
        those injuries.

63.     The claims of the Connecticut Plaintiff are typical of the claims of the Connecticut

Class he seeks to represent. The Connecticut Plaintiff and all members of the Connecticut Class

work, or have worked, for TD Bank as ASMs in Connecticut state. The Connecticut Plaintiff and

members of the Connecticut Class, enjoy the same statutory rights under the CMWA to be paid

overtime wages. The Connecticut Plaintiff and members of the Connecticut Class have all

sustained similar types of damages as a result of TD Bank's failure to comply with the CMWA.

The Connecticut Plaintiff and the members of the Connecticut Class have all been injured in that

they have been uncompensated or under-compensated due to TD Bank's common policies,

practices, and patterns of conduct.

64.     The Connecticut Plaintiff will fairly and adequately represent and protect the

interests of the members of the Connecticut Class. The Connecticut Plaintiff understands that as

class representative, she assumes a fiduciary responsibility to the class to represent its interests

fairly and adequately. The Connecticut Plaintiff recognizes that as class representatives, she must

represent and consider the interests of the class just as she would represent and consider her own

interests. The Connecticut Plaintiff understands that in decisions regarding the conduct of the

litigation and its possible settlement, she must not favor his own interests over the interests of the

class. The Connecticut Plaintiff recognizes that any resolution of a class action must be in the best

interest of the class. The Connecticut Plaintiff understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. The Connecticut Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between the Connecticut Plaintiff and the Connecticut Class members.

65.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Connecticut Class have been damaged and are entitled to recovery as a result of TD Bank's violation of the CMWA as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Connecticut Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of TD Bank's timekeeping and compensation practices and to prosecute vigorously a lawsuit against TD Bank to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TD Bank's practices.

66.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

***The New York Class***

67.     The New York Plaintiff brings the Third and Fourth Causes of Action, the NYLL claims, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and all ASMs who work or have worked at any branch location in New York State between February 4, 2007 and the date of final judgment in this matter (the "New York Class").

68.     Excluded from the New York Class are Defendant, TD Bank's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in TD Bank; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Class.

69.     The members of the New York Class are so numerous that joinder of all members is impracticable.

70.     Upon information and belief, the size of the New York Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of TD Bank .

71.     TD Bank has acted or has refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Class as a whole.

72.     Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a.   whether TD Bank  violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

   b.   whether TD Bank failed to compensate New York Plaintiff and the New York Class for hours worked in excess of 40 hours per workweek;

   c.   whether TD Bank misclassified New York Plaintiff and members of the New York Class;

   d.   whether TD Bank failed to keep true and accurate time and pay records for all hours worked by New York Plaintiff and the New York Class, and other records required by the NYLL;

   e.   whether TD Bank's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

f.  the nature and extent of class-wide injury and the measure of damages for
those injuries.

73.  The claims of the New York Plaintiff are typical of the claims of the New York

Class they seek to represent. The New York Plaintiff and all members of the New York Class

work, or have worked, for TD Bank as ASMs in New York state. The New York Plaintiff and

members of the New York Class enjoy the same statutory rights under the NYLL to be paid

overtime wages. The New York Plaintiff and members of the New York Class have all sustained

similar types of damages as a result of TD Bank's failure to comply with the NYLL. The New

York Plaintiff and the members of the New York Class have all been injured in that they have been

uncompensated or under-compensated due to TD Bank's common policies, practices, and patterns

of conduct.

74.  The New York Plaintiff will fairly and adequately represent and protect the

interests of the members of the New York Class. The New York Plaintiff understands that as a

class representative, he assumes a fiduciary responsibility to the class to represent its interests

fairly and adequately. The New York Plaintiff recognizes that as a class representative, he must

represent and consider the interests of the class just as he would represent and consider his own

interests. The New York Plaintiff understands that in decisions regarding the conduct of the

litigation and its possible settlement, he must not favor his own interests over the interests of the

class. The New York Plaintiff recognizes that any resolution of a class action must be in the best

interest of the class. The New York Plaintiff understands that in order to provide adequate

representation, he must be informed of developments in litigation, cooperate with class counsel,

and testify at deposition and/or trial. The New York Plaintiff has retained counsel competent and

experienced in complex class actions and employment litigation. There is no conflict between the

New York Plaintiff and the New York Class members.

75. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the New York Class have been damaged and are entitled to recovery as a result of TD Bank's violation of the NYLL as well as its common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of TD Bank's timekeeping and compensation practices and to prosecute vigorously a lawsuit against TD Bank to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TD Bank's practices.

76. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

*The New Jersey Class*

77. The New Jersey Plaintiff brings the Fifth Cause of Action, the NJWHL claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all ASMs who work or have worked at any branch location in New Jersey at any time between February 4, 2011 and the date of final judgment in this matter (the "New Jersey Class").

78. Excluded from the New Jersey Class are TD Bank, TD Bank's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in TD Bank; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New Jersey Class.

79. The members of the New Jersey Class are so numerous that joinder of all

members is impracticable.

80.     Upon information and belief, the size of the New Jersey Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of TD Bank. .

81.     TD Bank has acted or has refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New Jersey Class as a whole.

82.     Common questions of law and fact exist as to the New Jersey Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

        a.     whether TD Bank violated the NJWHL;

        b.     whether TD Bank failed to compensate the New Jersey Plaintiff and the New Jersey Class for hours worked in excess of 40 hours per workweek;

        c.     whether TD Bank misclassified the New Jersey Plaintiff and members of the New Jersey Class;

        d.     whether TD Bank failed to keep true and accurate time and pay records for all hours worked by the New Jersey Plaintiff and the New Jersey Class, and other records required by the NJWHL;

        e.     whether TD Bank's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

        f.     the nature and extent of class-wide injury and the measure of damages for those injuries.

83.     The claims of the New Jersey Plaintiff are typical of the claims of the New Jersey Class she seeks to represent. The New Jersey Plaintiff and all members of the New Jersey Class work, or have worked, for TD Bank as ASMs in New Jersey state. The New Jersey Plaintiff and members of the New Jersey Class, enjoy the same statutory rights under the NJWHL to be paid

overtime wages. The New Jersey Plaintiff and members of the New Jersey Class have all

sustained similar types of damages as a result of TD Bank's failure to comply with the NJWHL.

The New Jersey Plaintiff and the members of the New Jersey Class have all been injured in that

they have been uncompensated or under-compensated due to TD Bank's common policies,

practices, and patterns of conduct.

84.     The New Jersey Plaintiff will fairly and adequately represent and protect the

interests of the members of the New Jersey Class. The New Jersey Plaintiff understands that as a

class representative, she assumes a fiduciary responsibility to the class to represent its interests

fairly and adequately. The New Jersey Plaintiff recognizes that as a class representative, she must

represent and consider the interests of the class just as she would represent and consider her own

interests. The New Jersey Plaintiff understands that in decisions regarding the conduct of the

litigation and its possible settlement, she must not favor her own interests over the interests of the

class. The New Jersey Plaintiff recognizes that any resolution of a class action must be in the best

interest of the class. The New Jersey Plaintiff understands that in order to provide adequate

representation, she must be informed of developments in litigation, cooperate with class counsel,

and testify at deposition and/or trial. The New Jersey Plaintiff has retained counsel competent and

experienced in complex class actions and employment litigation. There is no conflict between the

New Jersey Plaintiff and the New Jersey Class members.

85.     A class action is superior to other available methods for the fair and efficient

adjudication of this litigation. The members of the New Jersey Class have been damaged and are

entitled to recovery as a result of TD Bank's violation of the NJWHL as well as its common and

uniform policies, practices, and procedures. Although the relative damages suffered by

individual members of the New Jersey Class are not *de minimis*, such damages are small

compared to the expense and burden of individual prosecution of this litigation. The individual Plaintiffs lack the financial resources to conduct a thorough examination of TD Bank's timekeeping and compensation practices and to prosecute vigorously a lawsuit against TD Bank to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TD Bank's practices.

86.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

*The Pennsylvania Class*

87.     The Pennsylvania Plaintiffs brings the Sixth Cause of Action, the PMWA Claim, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all ASMs who work or have worked at any branch location in Pennsylvania at any time between February 4, 2010 and the date of final judgment in this matter (the "Pennsylvania Class").

88.     Excluded from the Pennsylvania Class are TD Bank, TD Bank's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in TD Bank; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Pennsylvania Class.

89.     The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.

90.     Upon information and belief, the size of the Pennsylvania Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of TD Bank.

- 17 -

91. TD Bank has acted or has refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Pennsylvania Class as a whole.

92. The Seventh Cause of Action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3). There are questions of law and fact common to the Pennsylvania Class that predominate over any questions solely affecting individual members of the Pennsylvania Class, including but not limited to:

      a.  whether TD Bank failed to keep true and accurate time records for all hours worked by the Pennsylvania Plaintiffs and the Pennsylvania Class;

      b.  what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

      c.  whether TD Bank failed and/or refused to pay the Pennsylvania Plaintiffs and the Pennsylvania Class overtime pay for hours worked in excess of 40 hours per workweek within the meaning of the PMWA, 43 Pa. Stat §§ 333.101 *et seq.*;

      d.  the nature and extent of Pennsylvania Class-wide injury and the appropriate measure of damages for the Pennsylvania Class;

      e.  whether TD Bank has a policy of misclassifying workers as exempt from coverage of the overtime provisions of the FLSA and PMWA; and

      f.  whether TD Bank's policy of misclassifying workers was done willfully or with reckless disregard of the statute.

93. The claims of the Pennsylvania Plaintiffs are typical of the claims of the Pennsylvania Class they seek to represent. The Pennsylvania Plaintiffs and the Pennsylvania Class Members work or have worked for TD Bank and have been subjected to their policy and pattern or practice of failing to pay overtime wages for hours worked in excess of 40 hours per week. TD Bank acted and refused to act on grounds generally applicable to the Pennsylvania Class, thereby making declaratory relief with respect to the Pennsylvania Class appropriate.

94.     The Pennsylvania Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class. The Pennsylvania Plaintiffs understand that, as class representatives, they assume a fiduciary responsibility to the Pennsylvania Class to represent its interests fairly and adequately. The Pennsylvania Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Pennsylvania Class just as they would represent and consider their own interests. The Pennsylvania Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over those of the Pennsylvania Class. The Pennsylvania Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Pennsylvania Class. The Pennsylvania Plaintiffs understand that in order to provide adequate representation, they must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in their possession, and testify, if required, in a deposition and in trial.

95.     The Pennsylvania Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

96.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the Pennsylvania Class have been damaged and are entitled to recovery as a result of TD Bank's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the Pennsylvania Class are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about TD Bank's practices.

97.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

98.     Throughout their employment with TD Bank, Plaintiffs and the members of the FLSA Collective, the Connecticut Class, the New York Class, the New Jersey Class, and the Pennsylvania Class (collectively "Class Members") consistently worked more than 40 hours per week.

99.     TD Bank was aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet TD Bank failed to pay them any overtime compensation for any of the hours worked over 40 in a workweek

100.     TD Bank did not keep accurate records of hours worked by Plaintiffs. That is, Plaintiffs' hours are not recorded on pay stubs, and Plaintiffs never were required to clock in or out, or otherwise record their time.

101.     Plaintiffs' and the Class Members' primary duty was not management.

102.     Plaintiffs' and the Class Members' primary duties were non-exempt duties including performing the duties of the hourly-paid, non-exempt bank tellers, performing the duties of the hourly-paid, non-exempt customer service representatives, including selling bank products and services, and doing operations work, such as conducting routine audits and reporting. Plaintiffs and Class Members spent the vast majority of their time performing these non-exempt duties. These

duties are the same as the duties performed by the hourly-paid tellers and customer service representatives, whom are classified by TD Bank as non-exempt.

103.    Plaintiffs and the Class Members were required to meet individual sales revenue goals that determined whether they were eligible to receive incentive compensation. TD Bank evaluated Plaintiffs' and the Class Members' job performance, in part, against these individual sales revenue goals.

104.    Plaintiffs and the Class Members were closely supervised by their store (branch) managers and their regional managers. Store managers were responsible for the overall performance of the branches and for coaching and developing bank employees.

105.    Plaintiffs and the Class Members did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties and were required to follow the policies, practices, and procedures set by TD Bank, as well as state and federal banking regulations. Plaintiffs and the Class Members did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

106.    Plaintiffs and the Class Members did not have authority (a) to create or implement management policies, practices, and procedures for TD Bank; (b) to commit TD Bank in matters having significant financial impact; (c) to set employees' wages; (d) to determine how many labor hours could be allocated to their branch;  or  (e) to hire, fire, or promote employees.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

107.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

108. TD Bank has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

109. Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).

110. At all relevant times, Plaintiffs and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

111. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to TD Bank.

112. TD Bank is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

113. At all times relevant, Plaintiffs were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

114. TD Bank has failed to pay Plaintiffs and other similarly situated current and former employees the overtime wages to which they were entitled under the FLSA.

115. TD Bank's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. TD Bank has failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

116. Because TD Bank's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

117. As a result of TD Bank's willful violations of the FLSA, Plaintiffs and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

118. As a result of the unlawful acts of TD Bank, Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Connecticut Minimum Wage Act Claims – Unpaid Overtime Wages
### (Brought on behalf of the Connecticut Plaintiff and the Connecticut Class)

119. The Connecticut Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

120. The foregoing conduct, as alleged, violates the CMWA, Conn. Gen. Stats. § 31-58 *et seq.*

121. At all relevant times, TD Bank has been, and continues to be, an "employer" within the meaning of the CMWA. At all relevant times, TD Bank employed employees, including the Connecticut Plaintiff and each of the Connecticut Class members, within the meaning of the CMWA.

122. The CMWA requires employers, such as TD Bank, to pay overtime compensation to all non-exempt employees. During the Class Period, the Connecticut Plaintiff and the Connecticut Class members were not exempt from overtime pay requirements under Connecticut law.

123. The Connecticut Plaintiff and the Connecticut Class members were not exempt

- 23 -

from the right to receive overtime pay under the CMWA. The Connecticut Plaintiff and the Connecticut Class members have not at any time during the Class Period qualified under any exemption from the requirement that their employer pay overtime compensation under the CMWA. They are entitled to be paid overtime compensation for all overtime hours worked.

124. At all relevant times, TD Bank had a policy and practice of failing and refusing to pay overtime pay to the Connecticut Plaintiff and the Connecticut Class members for their hours worked in excess of forty hours per week.

125. As a result of TD Bank's failure to pay wages earned and due, and its decision to withhold wages earned and due, to the Connecticut Plaintiff and the Connecticut Class members at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, TD Bank has violated, and continues to violate, Conn. Gen. Stat. §§ 31-60 and 31-76c.

126. Connecticut General Statutes § 31-66 requires employers to keep records of each employee's hours worked and wages earned, at the place of employment, for three years. Similarly, Connecticut General Statutes § 31-13a requires employers to provide a detailed written statement of each employee's hours worked and wages earned with each payment of wages.

127. Because TD Bank willfully and unlawfully misclassified the Connecticut Plaintiff and the Connecticut Class members as exempt from overtime pay requirements, the company failed to keep and furnish records of those employees' hours, as required under Connecticut law.

128. By failing to record hours worked for its non-exempt employees, including the Connecticut Plaintiff and the Connecticut Class members, and by failing to furnish such records

to each such employee with each wage payment, TD Bank failed to make, furnish, and keep such records in violation of Connecticut General Statutes §§ 31-13a and 31-66.

129.    TD Bank's failure to keep and furnish the required records of hours worked for the Connecticut Plaintiff and the Connecticut Class members was willful, knowing, intentional, arbitrary, unreasonable, and in bad faith.

130.    The Connecticut Plaintiff, on behalf of himself and the members of the Connecticut Class, seeks recovery of attorneys' fees and costs of this action to be paid by TD Bank, as provided by Connecticut General Statutes § 31-68.

131.    The Connecticut Plaintiff, on behalf of herself and the members of the Connecticut Class, seeks damages in the amount of twice the unpaid wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, less any such wages paid, as provided by Connecticut General Statutes § 31-68 and § 31-72, including the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes; prejudgment interest at the rate of at least 12% pursuant to Connecticut General Statutes § 31-65; and such other legal and equitable relief from TD Bank's unlawful and willful conduct as the Court deems just and proper.

## THIRD CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
### (Brought on behalf of the New York Plaintiff and the New York Class)

132.    The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

133.    TD Bank engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

- 25 -

134. At all times relevant, the New York Plaintiff and members of the New York Class have been employees and TD Bank has been their employer within the meaning of the NYLL.

135. The New York Plaintiff and the New York Class members are covered by the NYLL.

136. TD Bank employed the New York Plaintiff and members of the New York Class as an employer.

137. TD Bank has failed to pay the New York Plaintiff and the members of the New York Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

138. TD Bank failed to pay the New York Plaintiff and members of the New York Class overtime at a wage rate of one and one-half times their regular rate of pay.

139. TD Bank failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New York Plaintiff and members of the New York Class.

140. TD Bank's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

141. Due to TD Bank's violations of the NYLL, the New York Plaintiff and the members of the New York Class are entitled to recover from TD Bank unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Record Keeping Violations**
**(Brought on behalf of the New York Plaintiff and the New York Class)**

142. The New York Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

143. TD Bank has willfully failed to supply the New York Plaintiff and the members of the New York Class notice as required by NYLL Article 6, § 195, in English or in the language identified by the New York Plaintiff and the members of the New York Class as their primary language, containing the New York Plaintiff's and the members of the New York Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

144. TD Bank has willfully failed to supply the New York Plaintiff and the members of the New York Class with an accurate statement of wages as required by NYLL Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

145. Due to TD Bank's violations of the NYLL, the New York Plaintiff and the members of the New York Class are entitled to recover from TD Bank one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred

- 27 -

dollars, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

### FIFTH CAUSE OF ACTION
### NJWHL – Unpaid Overtime Wages
### (Brought on behalf of the New Jersey Plaintiff and the New Jersey Class)

146. The New Jersey Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

147. TD Bank has engaged in a widespread pattern, policy, or practice of violating the NJWHL, as detailed in this Class and Collective Action Complaint.

148. At all times relevant the New Jersey Plaintiff and the members of the New Jersey Class have been employees and TD Bank has been employers within the meaning of the NJWHL. The New Jersey Plaintiff and the members of the New Jersey Class are covered by the NJWHL.

149. TD Bank employed the New Jersey Plaintiff and the New Jersey Class members as an employer and/or a joint employer.

150. TD Bank failed to pay the New Jersey Plaintiff and the members of the New Jersey Class wages to which they are entitled under the NJWHL. TD Bank failed to pay the New Jersey Plaintiff for all hours worked. TD Bank failed to pay the New Jersey Plaintiff and the members of the New Jersey Class for overtime at a wage rate of one and one-half times their regular rate of pay. TD Bank failed to pay the New Jersey Plaintiff and the New Jersey Class members overtime at wage rate of one and one-half times the basic minimum hourly rate.

151. TD Bank failed to keep, make, preserve, maintain, and furnish accurate records of time worked by the New Jersey Plaintiff and the New Jersey Class members.

- 28 -

152. TD Bank's violations of the NJWHL, as described in this Class and Collective Action Complaint, have been willful and intentional.

153. Due to TD Bank's violations of the NJWHL, the New Jersey Plaintiff and the members of the New Jersey Class are entitled to recover from TD Bank their unpaid wages (including overtime wages) and reasonable attorneys' fees and costs of the action.

### SIXTH CAUSE OF ACTION
**Pennsylvania Minimum Wage Age – Unpaid Overtime Wages**
**(Brought on behalf of the Pennsylvania Plaintiffs and the Pennsylvania Class)**

154. The Pennsylvania Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

155. TD Bank is an employer covered by the overtime pay mandates of the PMWA.

156. The Pennsylvania Plaintiffs and the Pennsylvania Class are employees entitled to the PMWA's protections.

157. The PMWA entitles employees to compensation for every hour worked in a workweek. *See* 43 P.S. § 333.104(a).

158. The PMWA entitles employees to overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 43 P.S. § 333.104(c).

159. TD Bank violated the PMWA by failing to compensate the Pennsylvania Plaintiffs and the Pennsylvania Class for hours worked in excess of 40 during the workweek and, with respect to such hours, failing to compensate the Pennsylvania Plaintiffs and the Pennsylvania Class based upon the overtime premium pay rate of one and one-half times their regular hourly pay rate.

160. In violating the PMWA, TD Bank acted willfully and with reckless disregard of clearly applicable PMWA provisions.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C. Unpaid overtime pay, liquidated damages, and penalties as permitted by law pursuant to the state law claims;

D. One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

E. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. Designation of each named Plaintiff as Class Representative as to their respective classes, and counsel of record as Class Counsel;

G. Issuance of a declaratory judgment that the practices complained of in this Class and Collective Action Complaint are unlawful under appropriate state law;

H. Pre-judgment interest and post-judgment interest as provided by law;

I.      Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining TD Bank from continuing its unlawful practices;

J.      Attorneys' fees and costs of the action;

K.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: New York, New York
       February 4, 2013

Respectfully submitted,

_____
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Jennifer L. Liu
Deirdre A. Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (*pro hac vice* forthcoming)
Keith M. Stern (*pro hac vice* forthcoming)
1515 S. Federal Highway, Suite 404
Boca Raton, FL 33432
Telephone: (561) 447-8888

***Attorneys for Plaintiffs and the Putative Class and Collective***

# EXHIBIT A

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against TD Bank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against TD Bank, N.A. and/or any related entities or persons potentially liable.

_____          Date  1/2/13
Signature

_Antonella Calabrese_
Print

REDACTED

REDACTED

# EXHIBIT B

# CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against TD Bank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. §216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against TD Bank, N.A. and/or any related entities or persons potentially liable.

*michael puglisi*
_____                    01/20/2013
Signature                                   Date

____michael a puglisi____
Print

REDACTED                                    REDACTED

# EXHIBIT C

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against TD Bank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against TD Bank, N.A. and/or any related entities or persons potentially liable.

_____     _____
Signature                                                           Date   1/21/13

_____
Print   Tanya Miller

REDACTED

REDACTED

# EXHIBIT D

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against TD Bank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against TD Bank, N.A. and/or any related entities or persons potentially liable.

_Kathleen M Hurst_
Signature

_January 22, 2013_
Date

_Kathleen M. Hurst_
Print

REDACTED

REDACTED

# EXHIBIT E

## CONSENT TO BE A PARTY PLAINTIFF

1. I consent to be a party plaintiff in a lawsuit against TD Bank, N.A. and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2. By signing and returning this consent form, I hereby designate Outten & Golden LLP and Shavitz Law Group, P.A. to represent me in such lawsuit and to make decisions on my behalf concerning the litigation and any settlement. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

3. I also consent to join any separate or subsequent action to assert my claims against TD Bank, N.A. and/or any related entities or persons potentially liable.

_____            $1-23-13$
Signature                                                  Date

SADIA SYED
Print

REDACTED