

# FISHER & PHILLIPS LLP
## ATTORNEYS AT LAW
www.laborlawyers.com

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**VIA ECF**
Hon. Gary R. Brown, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

October 4, 2013

    Re:   *Antonella Calabrese et al. v. TD Bank, N.A.*
            *Civil Action No. 2:13-cv-00637-LDW-GRB*

Dear Judge Brown:

    This firm represents Defendant TD Bank, N.A., and submits this letter in opposition to Plaintiffs' Motion for Conditional Certification (D.E. 34). Plaintiffs' motion should be denied because they have failed to show they are "similarly situated" to the proposed opt-in class. TD Bank requests oral argument on this motion.

    TD Bank has more than 1,300 stores (aka branches) in 15 states and the District of Columbia (Decl. of Catherine Stimson in Opp'n to Pls.' Mot. for Conditional Certification ("Stimson Decl.") ¶2.) The opt-in class Plaintiffs seek to represent numbers approximately 2,600. (*Id.* ¶3.) Courts are increasingly "mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Ikikhueme v. CulinArt, Inc.*, No. 13-293, 2013 U.S. Dist. LEXIS 77720, at *5 (S.D.N.Y. June 3, 2013). Certification is thus "not automatic." *Jenkins v. TJX Cos.*, 853 F. Supp. 2d 317, 322 (E.D.N.Y. 2012). Plaintiffs must prove that "similarly situated" opt-in class members "do in fact exist." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). Since Plaintiffs here propose a nationwide class, they must "demonstrate a nationwide policy pursuant to which ASMs are assigned duties that render [their employer's] exempt classification inappropriate." *Jenkins*, 853 F. Supp. 2d at 321. Merely alleging "a common FLSA-exempt designation" is insufficient. *Guillen v. Marshalls of MA, Inc.*, No. 09-9575, 2012 U.S. Dist. LEXIS 91639, at *2-3 (S.D.N.Y. July 2, 2012).

    Plaintiffs fail to carry their burden here, for at least five independent reasons. First, Plaintiffs' attorney-prepared, cookie-cutter Declarations should be disregarded because they merely repeat conclusory statements and crucial aspects of Plaintiffs' declarations are demonstratively false and fraught with factual errors. These Declarations have no probative value and, for that reason alone, Plaintiffs fail to make even the "modest factual showing" required for conditional certification. Contrary to counsel's prior representations to the court that the Declarations upon which plaintiffs rely are "really quite significant" and go well beyond what is typical in these cases, plaintiffs submissions are cookie-cutter declarations without specific factual support. For example,

Hon. Gary R. Brown, U.S.M.J.
Page 2
October 4, 2013

the key, conclusory allegation upon which Plaintiffs' motion rests is repeated verbatim in all 13 Declarations: "The primary duties of the Assistant Store Manager position did not involve management of any other employees of TD Bank. My primary duties did not include interviewing, hiring, firing, reviewing, disciplining, or promoting other employees of TD Bank." (Pl.'s Mot. Ex. E). Courts routinely deny certification motions relying on such material. *See, e.g. Mendoza v. Casa De Cambio Delgado, Inc.*, No. 07-2579, 2008 U.S. Dist. LEXIS 27519, at *6 (S.D.N.Y. Apr. 7, 2008) (rejecting affidavits that "appear to be boilerplate and virtually identical"). *Accord Carruthers v. Keiser Sch.*, No. 09-2641, 2010 U.S. Dist. LEXIS 133186, at *6 (M.D. Fla. Dec. 3, 2010); *Songer v. Dillon Res.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008).

Further underscoring the fundamental weakness of Plaintiffs' submission is the fact that their Declarations are replete with identical errors in the description of their job duties. For example, 11 of the 13 Declarations allege the declarant sold "retail products and services offered by *Interchange* Bank." However, Interchange Bank ceased to exist in 2007, and only one of the 13 declarants, Faina Miller, ever actually worked for that entity. (Stimson Decl. ¶¶4, 5.) Similarly, in 12 of the 13 Declarations, the declarant claims to have entered "retail loan applications through Desk Top Lander" – perhaps a computer program, but not one that TD Bank has used. (Stimson Decl. ¶6.) And, in all the Declarations, the declarant claims to have referred "commercial business leads to Branch Sales Manager [sic]" – a title that does not exist at TD Bank. (Stimson Decl. ¶7.) One must therefore conclude that Plaintiffs signed the Declarations without reading them. Given these errors, Plaintiffs' Declarations should be disregarded, and their motion deemed unsupported. In short, Plaintiffs' Declarations do not provide the requisite support to warrant conditional certification and notice and, therefore, Plaintiffs' motion must be denied.

Second, the 40 ASM Declarations TD Bank submits herewith show conclusively – without the Court making any factual determinations – that Plaintiffs are not similarly situated to the proposed class. For example, while Plaintiffs say they never hired, fired, reviewed, disciplined, or promoted anyone, the 40 ASMs Declarations TD Bank submits demonstrate that ASMs regularly perform such management duties and many more. Unlike Plaintiffs – who, tellingly, no longer work for TD Bank – the TD Bank ASMs certify that they regularly engage in management activities, such as interviewing, selecting, and training employees; setting and adjusting pay and hours; directing employees' work; leading daily huddles and employee meetings; maintaining records for use in supervision or control; appraising employees; handling employee complaints and grievances; disciplining employees; planning and apportioning work; providing for safety and security; and planning and controlling the budget. In fact, hiring, termination, and disciplinary reports are attached to many of TD Bank's ASM Declarations. (A summary of the Declarations is attached as Ex. A, and a complete set of TD Bank's Declarations is attached as Ex. B.) Because these ASMs regularly engage in management work exempt from the FLSA (*see* 29 C.F.R. §§ 541.100, 541.102), there can be no finding that Plaintiffs are "similarly situated" to members of the putative class and united with them by a common *unlawful* classification. *Jenkins*, 853 F. Supp. 2d at 321. At best, Plaintiffs' Declarations – to the extent they are worthy of *any* consideration – conclusively establish that those individuals are *not* similarly situated to other TD Bank ASMs and were not doing their job. Underscoring the *dissimilarity* between Plaintiffs and the putative class of ASMs they seek to represent is the Bank's internal ASM job description, which sets forth the numerous management duties of the ASMs position, including oversight of store operations, personnel supervision, management of daily store operations, implementing policies and objectives,

managing loss control, and proactively leading, managing, motivating, and coaching employees. (Stimson Decl., Ex. B.)

Third, the parties' conflicting submissions show that, the propriety of each ASM's exempt status must be individually determined. This, too, precludes conditional certification. *See, e.g., Myers v. Hertz Corp.*, No. 02-4325, 2006 U.S. Dist. LEXIS 100597, at *13 (E.D.N.Y. May 18, 2006) (finding it a "fatal flaw" that "liability as to each putative plaintiff depends upon whether that plaintiff was correctly classified as exempt," which would require "a fact-intensive inquiry into each potential plaintiff's employment situation"); *Harriel v. Wal-Mart Stores*, 19 Wage & Hour Cas.2d (BNA) 1170, 1175 n.3 (D.N.J. 2012) (denying certification where "plaintiff's allegation regarding the amount of time spent performing non-exempt, non-managerial tasks is directly contradicted by declarations from other managers," necessitating an "'individualized inquiry' disfavored by the collective action mechanism").

Fourth, TD Bank obtained a number of its stores by acquisition, some by purchase from the Federal Deposit Insurance Corporation ("FDIC") of banks in receivership. (Stimson Decl. ¶9.) The Bank is not liable for purported FLSA violations that occurred before its acquisition of those stores, *see New York v. Nat'l Serv. Indus., Inc.* 360 F.3d 201, 209 (2d. Cir. 2006), and the Court may not even have subject matter jurisdiction over claims against stores acquired from the FDIC. *See, e.g., Aber-Shufosky v. JPMorgan Chase & Co.*, 755 F. Supp. 2d 441, 449-50 (E.D.N.Y. 2010). ASMs who worked for such stores pre-acquisition likely have no claim against TD Bank, and are not similarly situated to Plaintiffs.

Fifth, during their proposed notice period, the 13 Plaintiffs worked in a mere 21 stores – approximately 1.6% of TD Bank's 1,300-plus stores. Plaintiffs cannot possibly have personal knowledge of ASMs' duties in the other 98.4% of the stores. Therefore, even if conditional certification were appropriate, it would have to be limited to ASMs who worked in the same handful of stores Plaintiffs worked in during the notice period. *See, e.g., McGlone v. Contract Callers*, 867 F. Supp. 2d 438, 444-45 (S.D.N.Y. 2012) (limiting certification to stores in plaintiff's district); *Vasquez v. Vitamin Shoppe Indus.*, 18 Wage & Hour Cas.2d (BNA) 381, 383-84 (S.D.N.Y. 2011) (limiting certification to seven stores of which plaintiff has personal knowledge).

Finally, without prejudice to TD Bank's arguments set forth herein or in anyway limiting its rights, counsel have reached agreement on the form of Notice, Consent, and Reminder, copies of which are attached hereto as Exhibit C.[1]

Respectfully submitted,

Kathleen McLeod Caminiti
For FISHER & PHILLIPS LLP

---

[1] The parties have agreed that if notice is approved, the notice form attached hereto will be mailed to everyone in the class going back three years from the date of Plaintiffs' Motion. There will be a 45 day notice period, during which time, Plaintiffs will send one reminder letter, in the form attached hereto, to anyone who has not opted in. The parties have already agreed to a procedure for any notices returned as undeliverable, which includes efforts to locate such individuals by the claim administrator and an extension of the 45 day period for any individuals whose notice was returned as undeliverable. Plaintiffs have withdrawn their request for email addresses.