## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PUGLISI, FAINA MILLER, KATHLEEN HURST, SADIA SYED, and CLAYTON MILLS, on behalf of themselves and all others similarly situated, | : : : : : : : | Case No. 2:13-cv-0637-(LDW) (GRB) |

: **DEFENDANT'S ANSWER TO**
Plaintiffs, : **PLAINTIFFS' SECOND AMENDED**
: **CLASS AND COLLECTIVE ACTION**
: **COMPLAINT AND SEPARATE AND**
v. : **AFFIRMATIVE DEFENSES**
:
TD BANK, N.A., :
:
Defendant. :

Defendant TD Bank, N.A. ("Defendant" or "TD Bank") by and through its undersigned counsel hereby responds to the Second Amended Class and Collective Action Complaint ("Complaint") filed by Michael Puglisi ("Puglisi"), Faina Miller ("Miller"), Kathleen Hurst ("Hurst"), Sadia Syed ("Syed"), and Clayton Mills ("Mills") (collectively "Plaintiffs") as follows:

### AS TO NATURE OF THE ACTION

1.        Defendant states that paragraph 1 of the Complaint contains Plaintiffs' characterization of the lawsuit, request for relief, and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 1 alleges any wrongdoing against Defendant.

2.      Except to admit that Defendant is one of the 10 largest banks in the United States and operates in 15 states and the District of Columbia, Defendant denies the allegations contained in paragraph 2 of the Complaint.

3.      Except to admit that Defendant represents itself as "America's Most Convenient Bank" and that TD Bank distinguishes itself by providing convenient service to its customers, Defendant denies the allegations contained in paragraph 3 of the Complaint.

4.      Except to admit that its business model provides convenience to its customers, Defendant denies the allegations contained in paragraph 4 of the Complaint.

5.      Except to admit that Defendant manages its payroll, Defendant denies the allegations contained in paragraph 5 of the Complaint.

6.      Defendant denies the allegations contained in paragraph 6 of the Complaint.

7.      Except to admit that Defendant classified ASMs as exempt and that, as exempt employees, ASMs do not receive overtime pay, Defendant denies the allegations contained in paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of the Complaint.

2

11.     Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     Defendant states that paragraph 12 of the Complaint contains Plaintiffs' characterization of the proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 12 alleges any wrongdoing against Defendant.

13.     Defendant states that paragraph 13 of the Complaint contains Puglisi's characterization of his proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 13 alleges any wrongdoing against Defendant.

14.     Defendant states that paragraph 14 of the Complaint contains Mills' characterization of his proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 14 alleges any wrongdoing against Defendant.

15.     Defendant states that paragraph 15 of the Complaint contains Hurst's and Sayed's characterization of their proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 15 alleges any wrongdoing against Defendant.

3

## AS TO THE PARTIES

### *As to Plaintiffs*

#### *As to Michael Puglisi*

16.     Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 16 of the Complaint and, therefore, denies all such allegations.

17.     Except to admit that Puglisi's employment with TD Bank commenced in April of 2007 and ended in February of 2011 and that he worked at the TD Bank stores located in Valley Stream and Oceanside, New York, Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.     Defendant neither admits nor denies the allegations contained in paragraph 18 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 18 alleges any wrongdoing against Defendant.

19.     Defendant neither admits nor denies the allegations contained in paragraph 19 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 19 alleges any wrongdoing against Defendant.

20.     Defendant admits the allegations contained in paragraph 20 of the Complaint.

*As to Clayton Mills*

21.     Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 21 of the Complaint and, therefore, denies all such allegations.

22.     Except to admit that Mills' employment with TD Bank ended in January of 2012 and that he worked at the TD store located in Fairview, New Jersey, Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant neither admits nor denies the allegations contained in paragraph 23 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 23 alleges any wrongdoing against Defendant.

24.     Defendant admits the allegations contained in paragraph 24 of the Complaint.

*As to Kathleen Hurst*

25.     Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 25 of the Complaint and, therefore, denies all such allegations.

26.     Defendant admits the allegations contained in paragraph 26 of the Complaint.

27.     Defendant neither admits nor denies the allegations contained in paragraph 27 of the Complaint as they call for a legal conclusion to which no responsive pleading is

5

required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 27 alleges any wrongdoing against Defendant.

28.     Defendant neither admits nor denies the allegations contained in paragraph 28 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 28 alleges any wrongdoing against Defendant.

29.     Defendant admits the allegations contained in paragraph 29 of the Complaint.

### As to Sadia Syed

30.     Defendant states that it lacks sufficient knowledge or information to form a belief as to the truthfulness of the allegations contained in paragraph 30 of the Complaint and, therefore, denies all such allegations.

31.     Defendant admits the allegations contained in paragraph 31 of the Complaint.

32.     Defendant neither admits nor denies the allegations contained in paragraph 32 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 32 alleges any wrongdoing against Defendant.

6

33.     Defendant admits the allegations contained in paragraph 33 of the Complaint.

### *As to Defendant TD Bank, N.A.*

34.     Defendant denies the allegations contained in paragraph 34 of the Amended Complaint, except to state that TD Bank is a national banking association incorporated under the laws of the United States of America with the main office in Wilmington, Delaware and offices in Portland, Maine and Cherry Hill, New Jersey.

35.     Defendant neither admits nor denies the allegations contained in paragraph 35 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 35 alleges any wrongdoing against Defendant.

36.     Defendant neither admits nor denies the allegations contained in paragraph 36 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 36 alleges any wrongdoing against Defendant.

37.     Defendant neither admits nor denies the allegations contained in paragraph 37 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 37 alleges any wrongdoing against Defendant.

7

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

## AS TO JURISDICTION AND VENUE

41. Defendant neither admits nor denies the allegations contained in paragraph 41 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

42. Defendant neither admits nor denies the allegations contained in paragraph 42 of the Complaint as they call for a legal conclusion to which no responsive pleading is required. If and to the extent that a responsive pleading is required, Defendant admits that this court has jurisdiction over the FLSA claims alleged in the Complaint.

43. Defendant neither admits nor denies the allegations contained in paragraph 43 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

44. Defendant neither admits nor denies the allegations contained in paragraph 44 of the Complaint as they call for a legal conclusion to which no responsive pleading is required. If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 44 alleges any wrongdoing against Defendant.

## AS TO THE COLLECTIVE-WIDE FACTUAL ALLEGATIONS

45.    Defendant states that paragraph 45 of the Complaint contains Plaintiffs' characterization of their proposed collective action, request for relief on behalf of the class, and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 55 alleges any wrongdoing against Defendant.

46.    Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.    Defendant neither admits nor denies the allegations contained in paragraph 48 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 48 alleges any wrongdoing against Defendant.

49.    Defendant denies the allegations contained in paragraph 49 of the Complaint.

50.    Defendant denies the allegations contained in paragraph 50 of the Complaint.

NewJersey 205614.1

## AS TO THE CLASS ACTION ALLEGATIONS

*As to the New York Class*

51.     Defendant states that paragraph 51 of the Complaint contains Puglisi's characterization of his proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 61 alleges any wrongdoing against Defendant.

52.     Defendant states that paragraph 52 of the Complaint contains Puglisi's characterization of his proposed class to which no responsive pleading is required.

53.     Defendant neither admits nor denies the allegations contained in paragraph 53 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 53 alleges any wrongdoing against Defendant.

54.     Defendant neither admits nor denies the allegations contained in paragraph 54 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 54 alleges any wrongdoing against Defendant.

55.     Defendant neither admits nor denies the allegations contained in paragraph 55 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every

10

allegation as set forth therein to the extent that paragraph 55 alleges any wrongdoing against Defendant.

56.     Defendant neither admits nor denies the allegations contained in paragraph 56 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 56 alleges any wrongdoing against Defendant.

57.     Defendant neither admits nor denies the allegations contained in paragraph 57 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 57 alleges any wrongdoing against Defendant.

58.     Defendants neither admits nor denies the allegations contained in paragraph 58 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 58 alleges any wrongdoing against Defendant.

59     Defendant neither admits nor denies the allegations contained in paragraph 59 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 59 alleges any wrongdoing against Defendant.

*As to the New Jersey Class*

60.    Defendant states that paragraph 60 of the Complaint contains Mills' characterization of his proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 60 alleges any wrongdoing against Defendant.

61.    Defendant states that paragraph 61 of the Complaint contains Mills' characterization of his proposed class to which no responsive pleading is required.

62.    Defendant neither admits nor denies the allegations contained in paragraph 62 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 62 alleges any wrongdoing against Defendant.

63.    Defendant neither admits nor denies the allegations contained in paragraph 63 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 63 alleges any wrongdoing against Defendant.

64.    Defendant neither admits nor denies the allegations contained in paragraph 64 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every

allegation as set forth therein to the extent that paragraph 64 alleges any wrongdoing against Defendant.

65.     Defendant neither admits nor denies the allegations contained in paragraph 65 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 65 alleges any wrongdoing against Defendant.

66.     Defendant neither admits nor denies the allegations contained in paragraph 66 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 66 alleges any wrongdoing against Defendant.

67.     Defendants neither admits nor denies the allegations contained in paragraph 67 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 67 alleges any wrongdoing against Defendant.

68.     Defendant neither admits nor denies the allegations contained in paragraph 68 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 68 alleges any wrongdoing against Defendant.

69.     Defendant neither admits nor denies the allegations contained in paragraph 69 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 69 alleges any wrongdoing against Defendant.

### As to the Pennsylvania Class

70.     Defendant states that paragraph 70 of the Complaint contains Hurst's and Syed's characterization of their proposed class, request for relief on behalf of the class, and legal conclusions to which no response is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 70 alleges any wrongdoing against Defendant.

71.     Defendant states that paragraph 71 of the Complaint contains Hurst's and Syed's characterization of their proposed class to which no responsive pleading is required.

72.     Defendant neither admits nor denies the allegations contained in paragraph 72 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 72 alleges any wrongdoing against Defendant.

73.     Defendant neither admits nor denies the allegations contained in paragraph 73 of the Complaint as they call for a legal conclusion for which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every

14

allegation as set forth therein to the extent that paragraph 73 alleges any wrongdoing against Defendant.

74.     Defendant denies the allegations contained in paragraph 74 of the Complaint.

75.     Defendant neither admits nor denies the allegations contained in paragraph 75 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 75 alleges any wrongdoing against Defendant.

76.     Defendant neither admits nor denies the allegations contained in paragraph 76 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 76 alleges any wrongdoing against Defendant.

77.     Defendants neither admits nor denies the allegations contained in paragraph 77 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 77 alleges any wrongdoing against Defendant.

78.     Defendant neither admits nor denies the allegations contained in paragraph 78 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

79.     Defendant neither admits nor denies the allegations contained in paragraph 79 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 79 alleges any wrongdoing against Defendant.

80.     Defendant neither admits nor denies the allegations contained in paragraph 80 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 80 alleges any wrongdoing against Defendant.

## AS TO THE COMMON FACTUAL ALLEGATIONS

81.     Defendant denies the allegations contained in paragraph 81 of the Complaint.

82.     Except to admit that Plaintiffs, as exempt employees, were not entitled to and did not receive overtime compensation, Defendant denies the allegations contained in paragraph 82 of the Complaint.

83.     Except to admit that Plaintiffs, as exempt employees, were not required to clock in and that their hours were not recorded on their pay stubs, Defendant denies the allegations contained in paragraph 83 of the Complaint.

84.     Defendant denies the allegations contained in paragraph 84 of the Complaint.

85.    Defendant denies the allegations contained in paragraph 85 of the Complaint.

86.    Except to admit that ASMs had sales revenue goals at various times, Defendant denies the allegations contained in paragraph 86 of the Complaint.

87.    Except to admit that Store Managers had responsibility for the performance of the stores and had coaching responsibilities, Defendant denies the allegations contained in paragraph 87 of the Complaint.

88.    Except to admit that Plaintiffs and putative class members were required to follow policies, practices, and procedures set by TD Bank and state and federal banking regulations, Defendant denies the allegations contained in paragraph 88 of the Complaint.

89.    Defendant denies the allegations contained in paragraph 89 of the Complaint.

## AS TO THE FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on Behalf of Plaintiffs and the FLSA Collective)

90.    Defendant repeats and realleges its responses to paragraphs 1 through 89 of the Complaint as if set forth at length herein.

91.    Defendant denies the allegations contained in paragraph 91 of the Complaint.

92.    Defendant admits the allegations contained in paragraph 92 of the Complaint.

17

93.     Defendant neither admits nor denies the allegations contained in paragraph 93 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

94.     Defendant neither admits nor denies the allegations contained in paragraph 94 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.   To the extent a response is required and except to state that the statutory language cited or referenced therein speaks for itself, Defendant admits that the FLSA's overtime provisions apply to its non-exempt employees.

95.     Defendant neither admits nor denies the allegations contained in paragraph 95 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

96.     Defendant neither admits nor denies the allegations contained in paragraph 96 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.   To the extent a response is required, and except to state that the statutory language cited or referenced therein speaks for itself, Defendant admits that plaintiffs were employees of Defendant.

97.     Defendant denies the allegations contained in paragraph 97 of the Complaint.

98.     Defendant denies the allegations contained in paragraph 98 of the Complaint.

99.     Defendant denies the allegations contained in paragraph 99 of the Complaint.

100.    Defendant denies the allegations contained in paragraph 100 of the Complaint.

101.    Defendant denies the allegations contained in paragraph 101 of the Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**New York Labor Law – Unpaid Overtime**
**(Brought on Behalf of the New York Plaintiff and the New York Class)**

102.    Defendant repeats and realleges its responses to paragraphs 1 through 101 of the Complaint as if set forth at length herein.

103.    Defendant denies the allegations contained in paragraph 103 of the Complaint.

104.    Defendant neither admits nor denies the allegations contained in paragraph 104 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendant admits that Puglisi was an employee of Defendant and that Defendant employs persons alleged to be part of the New York class, and except as so admitted, Defendant denies the allegation contained in paragraph 104 of the Complaint to the extent that paragraph 104 alleges any wrongdoing against Defendant.

105.    Defendant neither admits nor denies the allegations contained in paragraph 105 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

19

106.    Defendant neither admits nor denies the allegations contained in paragraph 106 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

107.    Defendant denies the allegations contained in paragraph 107 of the Complaint.

108.    Defendant denies the allegations contained in paragraph 108 of the Complaint.

109.    Defendant denies the allegations contained in paragraph 109 of the Complaint.

110.    Defendant denies the allegations contained in paragraph 110 of the Complaint.

111.    Defendant denies the allegations contained in paragraph 111 of the Complaint.

### AS TO THE THIRD CAUSE OF ACTION
**New Jersey Wage and Hour Law – Unpaid Overtime**
**(Brought on Behalf of the New Jersey Plaintiff and the New Jersey Class)**

112.    Defendant repeats and realleges its responses to paragraphs 1 through 111 of the Complaint as if set forth at length herein.

113.    Defendant denies the allegations contained in paragraph 113 of the Complaint.

114.    Defendant neither admits nor denies the allegations contained in paragraph 114 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every

20

allegation as set forth therein to the extent that paragraph 114 alleges any wrongdoing against Defendant.

115.   Defendant neither admits nor denies the allegations contained in paragraph 115 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  To the extent a response is required, Defendant admits that it employed Mills and other employees in New Jersey.  Except as so admitted, Defendant denies the allegations contained in paragraph 115 of the Complaint.

116.   Defendant denies the allegations contained in paragraph 116 of the Complaint.

117.   Defendant denies the allegations contained in paragraph 117 of the Complaint.

118.   Defendant denies the allegations contained in paragraph 118 of the Complaint.

119.   Defendant denies the allegations contained in that paragraph 119 of the Complaint.

### AS TO THE FOURTH CAUSE OF ACTION
### Pennsylvania Minimum Wage Act – Unpaid Overtime Wages
### (Brought on Behalf of the Pennsylvania Plaintiffs and the Pennsylvania Class)

120.   Defendant repeats and realleges its responses to paragraphs 1 through 119 of the Complaint as if set forth at length herein.

121.   Defendant neither admits nor denies the allegations contained in paragraph 121 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every

21

allegation as set forth therein to the extent that paragraph 121 alleges any wrongdoing against Defendant.

122.    Defendant neither admits nor denies the allegations contained in paragraph 122 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.  If and to the extent a response is required, Defendant denies each and every allegation as set forth therein to the extent that paragraph 122 alleges any wrongdoing against Defendant.

123.    Defendant neither admits nor denies the allegations contained in paragraph 123 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

124.    Defendant neither admits nor denies the allegations contained in paragraph 124 of the Complaint as they call for a legal conclusion to which no responsive pleading is required.

125.    Defendant denies the allegations contained in paragraph 125 of the Complaint.

126.    Defendant denies the allegations contained in that paragraph 126 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

Defendant denies that it is liable to Plaintiffs or any other member of the alleged class or collective action in any way, Defendant denies that Plaintiffs or any other member of the alleged class or collective action are entitled to any relief, and Defendant denies all other allegations contained in the Prayer for Relief.

**AS TO THE JURY DEMAND**

Defendant denies that Plaintiffs are entitled to a jury trial.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice, and that Defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

**SEPARATE AND AFFIRMATIVE DEFENSES**

1.      Plaintiffs have failed to state a claim upon which relief may be granted.

2.      Plaintiffs are not entitled to the damages requested in the Complaint.

3.      Plaintiffs' claims and/or those of certain putative members of the purported class and collective action defined in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

4.      Plaintiffs and/or certain members of the purported class and collective action in the Complaint are exempt from overtime requirements under the FLSA, and all comparable state laws including Pennsylvania law, New Jersey law, and New York law, and are subject to statutory exemptions including, but not limited to, the executive, administrative, professional, and/or highly compensated exemptions, or some combination of these exemptions.

5.      Plaintiffs lack standing and cannot represent the interests of some or all of the putative class or collective action members.

6.      Plaintiffs' claims and/or those of certain putative members of the purported class and collective action defined in the Complaint are barred in whole or in part to the extent that said claims have been released.

NewJersey 205614.1

7.     Plaintiffs' state law claims are barred for lack of supplemental or pendent jurisdiction.

8.     Plaintiffs' state law claims on their behalf and on behalf of the purported class defined in the Complaint are barred because they violate the Rules Enabling Act ("REA"), 28 U.S.C. § 2072(b) and/or are preempted and/or inherently incompatible with Plaintiffs' FLSA collective action claim.

9.     Plaintiffs' claims are barred by the doctrines of estoppel, offset, and/or setoff.

10.     Plaintiffs' claims are barred, in whole or in part, by statutory exclusions, exemptions, or credits under the FLSA and/or New York law, New Jersey law, Pennsylvania law, and any other compatible law.

11.     If TD Bank's failure to pay overtime was unlawful, although such is not admitted, TD Bank had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

12.     Pursuant to 29 U.S.C. § 259 and other applicable law, TD Bank's alleged failure to pay Plaintiffs or any putative class member overtime wages, if at all, was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor, the New York Department of Labor, New Jersey Department of Labor and Workforce Development, Pennsylvania Department of Labor, and any other comparable agency.

13.    Plaintiffs, and any putative member of the purported class and collective actions defined in the Complaint, are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the Fair Labor Standards Act and/or the New York Labor Law, New Jersey Wage and Hour Law, Pennsylvania Minimum Wage Act, and any other compatible law, because:

(a)    Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and

(b)    neither TD Bank nor any agent or employee of TD Bank acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

14.    If TD Bank is found to have failed to pay any amount due to Plaintiffs, or any putative member of the purported class and collective action defined in the Complaint, which allegations TD Bank denies, any payments should be calculated at a rate of one-half the regular hourly rate for each individual.

15.    To the extent Plaintiffs and/or members of the putative class and collective actions have executed agreements to arbitrate that encompass claims alleged in the Complaint, their claims are barred by their contractual agreement to arbitrate.

16.    Plaintiffs, and each putative member of the purported class and collective action defined in the Complaint, are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

17.     The Complaint, and each purported cause of action contained therein, are barred to the extent Plaintiffs, or members of the purported class and collective action defined in the Complaint, consented to any alleged activity or conduct.

18.     Plaintiffs' claims cannot be properly joined with the claims of any potential opt-ins.

19.     Plaintiffs' claims, and the claims of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction and payment.

20.     Plaintiffs' claims, and the claims of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the principles of waiver.

21.     An award of liquidated damages would be an unconstitutional denial of Defendant's right to due process and/or equal protection under the Fifth and Fourteenth Amendments to the United States Constitution.

22.     Plaintiffs' claims are barred in whole or in part because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

23.     Plaintiff's claims, and the claims of each putative member of the purported class and collection action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

24.     Plaintiffs' claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

25.     The claims of Plaintiffs and putative members of the purported class and collective action defined in the Complaint are barred, or recovery reduced, under the avoidable consequences doctrine.

26.     Plaintiffs' monetary claims, and those of putative members of the purport class and collective action defined in the Complaint, are barred, in whole or in part, because they have not appropriately or adequately mitigated their damages, if any.

27.     The claims of Plaintiffs, or some of them, are barred to the extent that Plaintiffs and putative class/collective action members failed to exhaust the mandatory administrative review process for claims subject to the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), 12 U.S.C. § 1821, *et seq.*, before bringing this lawsuit.

28.     Plaintiffs cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Amended Complaint should be stricken.

29.     Plaintiffs' claims are barred to the extent Plaintiffs, including any purported class member, misrepresented to TD Bank the number of hours actually worked.

30.     The claims of Plaintiffs and putative members of the purported class and collective action defined in the Complaint are barred, or recovery reduced, because they did not work unpaid overtime.

31.     TD Bank had no knowledge of, nor should it have had knowledge of, any alleged uncompensated overtime work by Plaintiffs or any persons allegedly "similarly situated" to them, and TD Bank did not authorize, require, request, suffer or permit such activity by Plaintiffs or any persons allegedly "similarly situated" to them.

32.     Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and unclean hands to the extent that Plaintiffs' own conduct resulted in them not being paid for all hours worked or otherwise compensated in accordance with the FLSA or similar state wage and hour laws.

33.     At no time material hereto did TD Bank act in a willful, wanton, reckless, and/or malicious manner.

34.     Plaintiffs are barred from an award of punitive damages because TD Bank engaged in no acts or omissions which would rise to the level required to sustain an award for punitive damages.

35.     Plaintiffs' alleged injuries and/or damages, if any, were caused by Plaintiffs' own actions, omissions, or conduct.

36.     To the extent alleged, Plaintiffs are barred from an award of compensatory or punitive damages or equitable relief because this is an action for unpaid wages under the FLSA.

37.     Plaintiffs were compensated in accordance with applicable law for all work they performed for TD Bank.

38.     Plaintiffs have been paid and/or received all wages due to them by virtue of their employment with TD Bank.

28

39.     Plaintiffs are not entitled to attorneys' fees or costs.

40.     Any amounts properly excluded from the calculation of the regular rate of pay pursuant to 29 U.S.C. § 207(e) must likewise be excluded from the calculation of any overtime pay rate which may be found to be due Plaintiffs and alleged other similarly situated employees.

41.     Plaintiffs' claims are barred to the extent Plaintiffs and/or alleged similarly situated employees did not work more than forty (40) hours in any given work week and, therefore, are not entitled to overtime under § 207 of the FLSA and/or any comparable state wage and hour law.

42.     TD Bank has not willfully failed to pay Plaintiffs or any other alleged plaintiff any wages, and there is a *bona fide*, good faith dispute with respect to TD Bank's obligation to pay any wages that may be found to be due.

43.     This suit may not be properly maintained as a class action because:  (1) Plaintiff has failed to plead, and cannot establish, the necessary procedural elements for class treatment; (2) a class action is not an appropriate method for the fair and efficient adjudication of the claims described in the Amended Complaint; (3) common issues of fact or law do not predominate and, to the contrary, individual issues predominate; (4) Plaintiffs' claims are not representative or typical of the claims of the putative class; (5) Plaintiffs' are not proper class representatives; (6) Plaintiffs and their counsel of record are not adequate representatives for the alleged putative class; (7) Plaintiffs cannot satisfy any of the requirements for the class action treatment, and class action treatment is neither appropriate nor constitutional; (8) there is not a well-defined community of

29

interest in the questions of law or fact affecting Plaintiffs and the members of the alleged putative class; (9) the alleged putative class is not ascertainable, nor are its members identifiable; and (10) to the extent that the alleged putative class is ascertainable and its members are identifiable, the number of putative class members fail to meet the numerosity requirement for a class action.

44.     The adjudication of the claims of the putative class through generalized class-wide proof violates TD Bank's rights to a trial by jury guaranteed by the United States Constitution.

45.     Plaintiffs' claims and those of the putative class members are barred by the doctrine of *res judicata* and/or collateral estoppel to the extent that Plaintiffs, any members of the putative collective action, or any other putative beneficiary of this action has asserted in any prior legal or administrative proceeding that he or she was entitled to any additional payment to which Plaintiff claims that she, or members of the putative collective action, are entitled.

46.     Plaintiff cannot simultaneously maintain a collective action under the FLSA and a class action under New York law, New Jersey law, and Pennsylvania law, as such actions are inherently incompatible and otherwise legally deficient.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend this answer and to assert additional affirmative defenses, and to supplement, alter or change this answer and affirmative defenses upon revelation of more definitive facts by Plaintiffs and/or upon Defendant's undertaking of discovery and investigation of this matter.  Accordingly, the

right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Defendant respectfully requests that the Complaint be dismissed in its entirety and with prejudice, and that Defendant be awarded its attorneys' fees and costs and any further relief deemed appropriate by the Court.

Respectfully submitted,

FISHER & PHILLIPS LLP

By:  s/ Kathleen McLeod Caminiti
      Kathleen McLeod Caminiti
      430 Mountain Avenue
      Suite 303
      Murray Hill, New Jersey 07974
      (908) 516-1050
      (908) 516-1051 (facsimile)
      kcaminit@laborlawyers.com

Dated:  February 7, 2014