# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL PUGLISI, FAINA MILLER, KATHLEEN HURST, SADIA SYED, and CLAYTON MILLS, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br>  -against-<br><br>TD Bank, N.A.,<br><br>      Defendant. | No. 13 Civ. 637 (LDW) (GRB) |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION
FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notices of Settlement ("Motion for Preliminary Approval"). Defendant agreed not to oppose the motion.

**I.  Preliminary Approval of Settlement**

  1.  Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of their Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiffs

Michael Puglisi, Faina Miller, Kathleen Hurst, Sadia Syed, and Clayton Mills (together, "Plaintiffs"); and Defendant TD Bank, N.A. ("Defendant"), attached as Exhibit A to the Swartz Declaration, and "so orders" all of its terms.

2. The approval of a proposed class action settlement is a matter of discretion for the trial court. *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995). "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties." *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2010 WL 5509089, at *2 (E.D.N.Y. Nov. 29, 2010) (internal quotation marks and citation omitted). "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ." *Id.* (internal quotation marks and citation omitted).

3. Preliminary approval, which is what Plaintiffs seek here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to object to or opt-out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input.

4. Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties. *Id.* at *2 (citing Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), § 11.25 (4th ed. 2002)). To grant preliminary approval, the court need only find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (internal quotation marks and citation omitted); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness

. . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (quoting Manual for Complex Litigation (3d ed.) § 30.41).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d at 634; *Willix*, 2010 WL 5509089, at *2-3.

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. An experienced class action employment mediator, Hunter Hughes, assisted the Parties with the settlement negotiations and presided over a full-day mediation. This reinforces the non-collusive nature of the settlement. *See Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 1432302, at *1 (E.D.N.Y. Apr. 20, 2012) (citations omitted).

## II. Conditional Certification of the Proposed Rule 23 Settlement Class For Settlement Purposes Only

8. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 792-95 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

9. For settlement purposes only, the Court provisionally certifies the following sub-

classes under Federal Rule of Civil Procedure 23(e), for settlement purposes ("Settlement Class"):

    a.    New York Sub-Class: The "New York Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the State of New York during the period from February 4, 2007 through the date the Court enters the Preliminary Approval Order;

    b.    Pennsylvania Sub-Class: The "Pennsylvania Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the Commonwealth of Pennsylvania during the period from February 4, 2010 through the date the Court enters the Preliminary Approval Order; and

    c.    New Jersey Sub-Class: The "New Jersey Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the State of New Jersey during the period from February 4, 2011 through the date the Court enters the Preliminary Approval Order.

10.     Plaintiffs meet all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(1) because there are approximately 1,200 Rule 23 Class Members, (Swartz Decl. ¶ 43), and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park,* 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.") (citation omitted).

12.     Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(2) because Plaintiffs and the Class Members share common issues of fact and law, including whether Defendant misclassified them as exempt employees and failed to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked. *See Clark v. Ecolab Inc.,* Nos. 07 Civ. 8623, et al., 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium

4

pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked").

13. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(3) because Plaintiffs' claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. *See Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2014 WL 2895918, at *3 (S.D.N.Y. June 20, 2014) (typicality satisfied where "[p]laintiffs' wage and hour claims ar[o]se from the same factual and legal circumstances that form[ed] the basis of [c]lass [m]embers' claims"); *accord Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012).

14. Plaintiffs satisfy Federal Rule of Civil Procedure 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with Class Members' interests. *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007) ("The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members.'" (quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006))). "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29, 2007) (quoting *Martens v. Smith Barney Inc.*, 181 F.R.D. 243, 259 (S.D.N.Y. 1998)).

15. In addition, Plaintiffs' Counsel, Outten & Golden LLP ("O&G"), the Shavitz Law Group, P.A. ("Shavitz Law Group"), Shulman Kessler, LLP ("Shulman Kessler"), and Winebrake & Santillo, LLC ("Winebrake & Santillo"), meet Rule 23(a)(4)'s adequacy requirement.

16. Plaintiffs also satisfy Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that Defendant violated federal and state wage and hour laws by misclassifying them as exempt employees and failing to pay them for premium overtime hours – predominates over any factual or legal variations among Class Members. *See Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *4 (S.D.N.Y. Mar. 7, 2014) (finding plaintiffs' common factual allegations and common legal theory predominate over any factual or legal variations among class members in wage and hour misclassification case); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *4 (S.D.N.Y. Oct. 2, 2013) (same); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that [d]efendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").

**III.  Appointment of Plaintiffs' Counsel as Class Counsel**

17. For settlement purposes only, the Court appoints O&G, Shavitz Law Group, Shulman Kessler, and Winebrake & Santillo as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 165 (S.D.N.Y. 2008) (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

18. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.

6

19. O&G has substantial experience prosecuting and settling nationwide wage and hour class and collective actions, and are well-versed in wage and hour law and class action law and are well-qualified to represent the interests of the class. *See, e.g.*, *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013) (internal quotation marks and citation omitted); *see also Clem*, 2014 WL 1265909, at *5 (appointing Shavitz Law Group as class counsel along with O & G); *Yuzary*, 2013 WL 5492998, at *3 (finding O&G and Shavitz Law Group experienced and adequate to serve as class counsel); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012) ("[O&G attorneys] have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and the Shavitz Law Group as Class Counsel and noting both firms' extensive experience litigating and settlement wage and hour class and collective actions). Likewise, the Shavitz Law Group has served as lead or co-lead counsel in numerous wage and hour class and collective actions, including *Clem*, 2014 WL 1265909, at *5; *Yuzary*, 2013 WL 5492998, at *3; *Beckman*, 293 F.R.D. at 473; and *Palacio*, 2012 WL 1058409, at *2 (appointing O&G and the Shavitz Law Group as Class Counsel based on their experience in "numerous wage and hour class and collective actions"); and has settled dozens of wage and hour collective actions. Courts have also repeatedly found Shulman Kessler adequate to serve as counsel in wage and hour collective and class actions. *See, e.g.*, *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2014 WL 3778173, at *8 (S.D.N.Y. July 31, 2014) ("The work that [Shulman Kessler] has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests"); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09

7

Civ. 486, 2012 WL 5305694, at *7 (E.D.N.Y. Oct. 4, 2012) ("Class Counsel, Shulman Kessler LLP, are experienced employment lawyers with substantial experience prosecuting large-scale wage-and-hour class and collective actions."); *accord Morris*, 859 F. Supp. 2d at 616 (same). Winebrake & Santillo has also repeatedly been recognized as experienced wage and hour class action lawyers. *See, e.g., Young v. Tri Cnty. Sec. Agency, Inc.*, No. 13 Civ. 5971, 2014 WL 1806881, at *4 (E.D. Pa. May 7, 2014) ("Winebrake & Santillo has particular experience with wage and overtime rights litigation"; noting that the firm "has been involved in dozen of class action lawsuits in this area of law, and the[y] . . . have significant experience and have enjoyed great success in the field."); *Craig v. Rite Aid Corp.*, No. 08 Civ. 2317, 2013 WL 84928, at *8 (M.D. Pa. Jan. 7, 2013) (finding that class counsel, including Winebrake & Santllo, "are experienced wage and hour class action litigators with decades of accomplished class action experience between them."); *Cuevas v. Citizens Fin. Grp.*, 283 F.R.D. 95, 101 (E.D.N.Y. 2012) (recognizing that the Winebrake Law Firm has "been appointed class counsel for dozens of wage and hour claims across the country.").

20. The work that Plaintiffs' Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV.   Notices**

21. The Court approves the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing and Claim Form, attached as Exhibit B to the Declaration of Justin M. Swartz, and the proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing and Claim Form (collectively, the "Notices"), attached as Exhibit C to the Declaration of Justin M. Swartz.

22. The content of the proposed Notices fully complies with due process and Federal

8

Rule of Civil Procedure 23.

23. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

24. The proposed Notices satisfy each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Willix*, 2010 WL 5509089, at *3-4. The proposed Notices are appropriate because they describe the terms of the settlement, inform the classes about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *Dorn*, 2011 WL 382200, at *4.

**V.     Class Action Settlement Procedure**

25. The Court hereby adopts the settlement approval process set forth in the Settlement Agreement.

26. Neither this Order, nor the Settlement Agreement, nor any other documents or information relating to the settlement of this action, shall constitute, be construed to be, or be admissible in any proceeding as, evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure or comparable state laws or rules; (b) that any party has

9

prevailed in this case; or (c) that Defendant or others have admitted any liability or engaged in any wrongdoing whatsoever.  Further, in the event that the Effective Date as defined in the Settlement Agreement does not occur, this Order and the Settlement Agreement shall be deemed null and void and shall have no effect whatsoever with the sole exception of those provisions of the Settlement Agreement pertaining to its effect in the event that the Effective Date does not occur for any reason.  The Settlement Agreement, however, may be admitted into evidence or otherwise used by a party thereto to enforce any of the terms of the Settlement Agreement.

       It is so ORDERED this ___ day of _____, 2014.

_____
Honorable Gary R. Brown
United States Magistrate Judge