**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

MICHAEL PUGLISI, FAINA MILLER,
KATHLEEN HURST, SADIA SYED, and
CLAYTON MILLS, on behalf of themselves and
all others similarly situated,

                          Plaintiffs,

        -against-

TD BANK, N.A.,

                       Defendant.

No. 13 Civ. 637 (LDW) (GRB)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,
CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS,
APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND
APPROVAL OF PLAINTIFFS' PROPOSED NOTICES OF SETTLEMENT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ 1

I.      FACTUAL AND PROCEDURAL BACKGROUND ............................................... 1

        A.      Factual Allegations ................................................................................... 1

        B.      Overview of Investigation ......................................................................... 2

        C.      Litigation ................................................................................................... 2

        D.      Discovery .................................................................................................. 3

        E.      Settlement Negotiations ............................................................................ 4

II.     SUMMARY OF THE SETTLEMENT TERMS ..................................................... 4

        A.      The Settlement Amount ............................................................................ 4

        B.      Eligible Employees ................................................................................... 5

        C.      Releases ..................................................................................................... 5

        D.      Allocation Formula ................................................................................... 6

        E.      Attorneys' Fees and Litigation Costs ....................................................... 6

        F.      Service Awards ......................................................................................... 7

        G.      Settlement Claims Administrator .............................................................. 7

III.    CLASS ACTION SETTLEMENT PROCEDURE ................................................... 7

IV.     PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE ................ 9

        A.      The Settlement Is Fair, Reasonable, and Adequate. .............................. 11

                1.      Litigation Through Trial Would Be Complex, Costly, and Long
                        (*Grinnell* Factor 1) .................................................................... 12

                2.      The Reaction of the Class Has Been Positive  (*Grinnell* Factor 2) .......... 12

                3.      Discovery Has Advanced Far Enough to Allow the Parties to Resolve
                        the Case Responsibly (*Grinnell* Factor 3)................................. 13

4.    Plaintiffs Would Face Real Risks If the Case Proceeded (*Grinnell* Factors 4 and 5) ........................................................... 14

5.    Maintaining the Class Through Trial Would Not Be Simple (*Grinnell* Factor 6) ................................................................... 15

6.    Defendant's Ability to Withstand a Greater Judgment Is Not Determinative (*Grinnell* Factor 7) ............................................. 16

7.    The Settlement Amount Is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9) .................................................... 16

V.    CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS FOR PURPOSES OF SETTLEMENT IS APPROPRIATE ................................................. 17

    A.    Numerosity ........................................................................... 19

    B.    Commonality ........................................................................ 19

    C.    Typicality ............................................................................. 20

    D.    Adequacy of the Named Plaintiffs ......................................... 21

    E.    Certification Is Proper Under Rule 23(b)(3) ........................... 24

        1.    Common Questions Predominate ................................. 24

        2.    A Class Action Is a Superior Mechanism ................... 25

VI.    PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL ........... 26

VII.    THE NOTICE PLAN AND AWARD DISTRIBUTION PROCESS ARE APPROPRIATE ........................................................................ 27

CONCLUSION ................................................................................... 29

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
  521 U.S. 591 (1997)..................................................................24, 25

*In re Austrian & German Bank Holocaust Litig.*,
  80 F. Supp. 2d 164 (S.D.N.Y. 2000)...............................12, 13, 14, 16

*Beckman v. KeyBank, N.A.*,
  293 F.R.D. 467 (S.D.N.Y. 2013) ............................................22

*Bell v. Citizens Financial Group Inc.*,
  No. 10 Civ. 320 (W.D. Pa.)..............................................12, 14, 15

*Cagan v. Anchor Sav. Bank FSB*,
  No. 88 Civ. 3024, 1990 WL 73423 (E.D.N.Y. May 22, 1990).........16, 17

*Capsolas v. Pasta Res. Inc.*,
  No. 10 Civ. 5595, 2012 WL 1656920 (S.D.N.Y. May 9, 2012)..............22

*City of Detroit v. Grinnell Corp.*,
  495 F.2d 448 (2d Cir. 1974).................................................11, 16

*Clark v. Ecolab Inc.*,
  Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198 (S.D.N.Y.
  May 11, 2010)....................................................................20

*Clem v. KeyBank, N.A.*,
  No. 13 Civ. 789, 2014 WL 1265909 (S.D.N.Y. Mar. 27, 2014) ...........22, 25

*Clem v. Keybank, N.A.*,
  No. 13 Civ. 789, 2014 WL 2895918 (S.D.N.Y. June 20, 2014)............21

*Cnty. of Suffolk v. Long Island Lighting Co.*,
  710 F. Supp. 1422 (E.D.N.Y. 1989) .......................................18

*Consol. Rail Corp. v. Town of Hyde Park*,
  47 F.3d 473 (2d Cir. 1995)...................................................19

*Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*,
  502 F.3d 91 (2d Cir. 2007)...................................................24

*Craig v. Rite Aid Corp.*,
  No. 08 Civ. 2317, 2013 WL 84928 (M.D. Pa. Jan. 7, 2013) ..............23

*Cuevas v. Citizens Fin. Grp.*,
   283 F.R.D. 95 (E.D.N.Y. 2012) ...........................................................23

*Damassia v. Duane Reade, Inc.*,
   250 F.R.D. 152 (S.D.N.Y. 2008) .......................................................26

*D'Amato v. Deutsche Bank*,
   236 F.3d 78 (2d Cir. 2001).................................................................12

*Dorn v. Eddington Sec., Inc.*,
   No. 08 Civ. 10271, 2011 WL 382200 (S.D.N.Y. Jan. 21, 2011)........18

*Dziennik v. Sealift, Inc.*,
   No. 05 Civ. 4659, 2007 WL 1580080 (E.D.N.Y. May 29, 2007).......22

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005) ...............................................*passim*

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
   No. 09 Civ. 486, 2012 WL 5305694 (E.D.N.Y. Oct. 4, 2012) ......10, 23

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995)..................................................................18

*Gen. Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 (1982)............................................................................19

*Goldberg v. Integrated Res., Inc.*,
   209 F.3d 43 (2d Cir. 2000).................................................................11

*Green v. Wolf Corp.*,
   406 F.2d 291 (2d Cir. 1968)...............................................................25

*In re Ira Haupt & Co.*,
   304 F. Supp. 917 (S.D.N.Y. 1969).....................................................14

*Kamean v. Local 363, Int'l Bhd. of Teamsters*,
   109 F.R.D. 391 (S.D.N.Y. 1986) .......................................................20

*Khait v. Whirlpool Corp.*,
   No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010)........26

*Lynn's Food Stores, Inc. v. United States*,
   679 F.2d 1350 (11th Cir. 1982) .........................................................10

*Marisol A. v. Giuliani*,
   126 F.3d 372 (2d Cir. 1997)...............................................................20

*Marlo v. United Parcel Serv., Inc.*,
  639 F.3d 942 (9th Cir. 2011) ...................................................................15

*Marriott v. Cnty. of Montgomery*,
  227 F.R.D. 159 (N.D.N.Y. 2005).............................................................24

*Massiah v. MetroPlus Health Plan, Inc.*,
  No. 11 Civ. 05669, 2012 WL 5874655 (E.D.N.Y. Nov. 20, 2012) .........14

*Maywalt v. Parker & Parsley Petroleum Co.*,
  67 F.3d 1072 (2d Cir. 1995).......................................................................9

*McBean v. City of New York*,
  228 F.R.D. 487 (S.D.N.Y. 2005) ........................................................24, 25

*In re Michael Milken & Assocs. Sec. Litig.*,
  150 F.R.D. 57 (S.D.N.Y. 1993) ................................................................28

*Morris v. Affinity Health Plan, Inc.*,
  859 F. Supp. 2d 611 (S.D.N.Y. 2012).................................................21, 23

*Myers v Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010).....................................................................15

*Noble v. 93 Univ. Place Corp.*,
  224 F.R.D. 330 (S.D.N.Y. 2004) .............................................................24

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ...................................................................16

*Palacio v. E\*TRADE Fin. Corp.*,
  No. 10 Civ. 4030, 2012 WL 1058409 (S.D.N.Y. Mar. 12, 2012) ...........22

*Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*,
  698 F.2d 150 (2d Cir. 1983).....................................................................19

*Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*,
  237 F.R.D. 26 (E.D.N.Y. 2006) ...............................................................19

*Robidoux v. Celani*,
  987 F.2d 931 (2d Cir. 1993).....................................................................21

*Rossini v. Ogilvy & Mather, Inc.*,
  798 F.2d 590 (2d Cir. 1986).....................................................................24

*Sukhnandan v. Royal Health Care of Long Island LLC*,
  No. 12 Civ. 4216, 2014 WL 3778173 (S.D.N.Y. July 31, 2014) ............23

*In re Top Tankers, Inc. Sec. Litig.*,
   No. 06 Civ. 13761, 2008 WL 2944620 (S.D.N.Y. July 31, 2008) ........................................11

*Torres v. Gristede's Operating Corp.*,
   No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006)........................................25

*Toure v. Amerigroup Corp.*,
   No. 10 Civ. 5391, 2012 WL 3240461 (E.D.N.Y. Aug. 6, 2012)................................14, 16, 22

*Toure v. Cent. Parking Sys.*,
   No. 05 Civ. 5237, 2007 WL 2872455 (S.D.N.Y. Sept. 28, 2007)........................................22

*In re Traffic Exec. Ass'n-E. R.R.*,
   627 F.2d 631 (2d Cir. 1980)........................................10

*Trinidad v. Breakaway Courier Sys., Inc.*,
   No. 05 Civ. 4116, 2007 WL 103073 (S.D.N.Y. Jan. 12, 2007)........................................21

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
   396 F.3d 96 (2d Cir. 2005)........................................9, 10

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004)........................................9, 13

*Willix v. Healthfirst, Inc.*,
   No. 07 Civ. 1143, 2010 WL 5509089 (E.D.N.Y. Nov. 29, 2010).....................................9, 28

*Willix v. Healthfirst, Inc.*,
   No. 07 Civ. 1143, 2011 WL 754862 (E.D.N.Y. Feb. 18, 2011)........................................10

*Young v. Tri Cnty. Sec. Agency, Inc.*,
   No. 13 Civ. 5971, 2014 WL 1806881 (E.D. Pa. May 7, 2014) ........................................23

*Yuzary v. HSBC Bank USA, N.A.*,
   No. 12 Civ. 3693, 2013 WL 5492998 (S.D.N.Y. Oct. 2, 2013) ................................13, 22, 25

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................ *passim*

Herbert B. Newberg & Alba Conte, *Newberg on Class Actions*, § 11.22 (4th ed.
   2002) ............................................................................................................ *passim*

vii

## INTRODUCTION

Subject to Court approval, Plaintiffs Michael Puglisi, Faina Miller, Kathleen Hurst, Sadia Syed, and Clayton Mills (together, "Plaintiffs") and Defendant TD Bank, N.A. ("Defendant") (together with Plaintiffs, the "Parties") have settled this wage and hour class and collective action for significant monetary relief not to exceed Nine Million Nine Hundred Thousand and No/100ths Dollars ($9,900,000.00).

The proposed settlement satisfies all of the criteria for preliminary approval under federal law.  Accordingly, Plaintiffs respectfully request that the Court (1) grant preliminary approval of the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached as Exhibit A to the Declaration of Justin M. Swartz ("Swartz Decl."); (2) conditionally certify the proposed classes under Federal Rule of Civil Procedure 23(b)(3) for settlement purposes; (3) appoint Outten & Golden LLP ("O&G") the Shavitz Law Group, P.A. ("Shavitz Law Group"), Shulman Kessler LLP ("Shulman Kessler") and Winebrake & Santillo, LLC ("Winebrake & Santillo") as Class Counsel ("Class Counsel"); and (4) approve the proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing and Claim Form ("Rule 23 Notice") (attached as Exhibit B to the Swartz Decl.) and the proposed Notice of Proposed Settlement of Collective Action Lawsuit and Fairness Hearing and Claim Form ("FLSA Notice") (attached as Exhibit C to the Swartz Declaration) (collectively, "Notices") and direct their distribution.  Per the Settlement Agreement, Defendant does not oppose this motion.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.      Factual Allegations

Plaintiffs and Class Members (defined by the Settlement Agreement to include the FLSA Class Members and the Rule 23 Class Members) are current and former employees of TD Bank

who have worked as Assistant Store Managers ("ASMs") or in comparable positions at TD Bank branch locations nationwide.[1]  Plaintiffs alleged that TD Bank violated the Fair Labor Standards Act ("FLSA") and the wage and hour laws of New York, Pennsylvania, and New Jersey by improperly classifying them as exempt from federal and state overtime requirements and failing to pay them and other ASMs overtime wages.  Swartz Decl. ¶¶ 12, 16-17, 19.

### B.    Overview of Investigation

Before the initiation of this action, Plaintiffs conducted a thorough investigation into the merits of the potential claims and defenses.  Swartz Decl. ¶ 13.  Plaintiffs focused their investigation and legal research on the underlying merits of Class Members' claims, the damages to which they were entitled, and the propriety of class certification.  *Id.*  Plaintiffs' Counsel conducted in-depth interviews with numerous Plaintiffs to determine the hours that they worked, the wages they were paid, the nature of their duties and responsibilities, and other information relevant to their claims.  Swartz Decl. ¶ 14.  Plaintiffs conducted in-depth background research on TD Bank, including reviewing SEC filings and other public documents, to obtain information on TD Bank's corporate structure and facilities. Swartz Decl. ¶ 15.  Plaintiffs also obtained numerous job postings for the ASM position from across the country to determine the nature of the duties and responsibilities of the position.  *Id.*  Plaintiffs also obtained investigation reports and other documents about TD Bank's labor practices from the U.S. Department of Labor through a Freedom of Information Act request.  *Id*.

### C.    Litigation

On February 4, 2013, Plaintiffs filed a Class Action Complaint against Defendant in the United States District Court for the Eastern District of New York on behalf of themselves and

---

[1]      Unless otherwise indicated, all capitalized terms have the definitions set forth in the Settlement Agreement.

others similarly situated alleging that Defendant violated the FLSA and the wage and hour laws

of New York, Connecticut, and Pennsylvania by improperly classifying ASMs as exempt from

federal and state overtime requirements.  The complaint sought recovery of overtime wages,

attorneys' fees and costs, interest, and liquidated damages.  Swartz Decl. ¶ 16.  On June 13,

2013, Plaintiffs filed an Amended Complaint asserting additional state claims under New Jersey

and Maryland state laws.  *Id.* ¶ 17.   On January 24, 2014 Plaintiffs filed a Second Amended

Complaint removing previously pled causes of action under Maryland and Connecticut state

laws.  *Id.* ¶ 19.

On August 28, 2013, Plaintiffs filed their Motion for Conditional Certification and Court

Authorized Notice Pursuant to Section 216(b) of the FLSA ("216(b) Motion").  *Id.* ¶ 18.  On

February 25, 2014, the Court issued an Order granting Plaintiffs' 216(b) Motion.  *Id.* ¶ 20.

Before notice was sent to the putative collective pursuant to Section 216(b), the Parties jointly

requested a stay of the action to explore settlement discussions.  *Id.* ¶ 21.

### D.    Discovery

After filing the complaint, the Parties exchanged initial discovery requests and responses,

and TD Bank deposed two of the Named Plaintiffs and two of the Opt-In Plaintiffs.  *Id.* ¶ 22.

Plaintiffs also served on TD Bank a notice of deposition pursuant to Federal Rule of Civil

Procedure 30(b)(6).  *Id.*  The Named Plaintiffs and Opt-In Plaintiffs responded to document

requests and interrogatories, and produced documents related to their employment with TD

Bank.  *Id.* ¶ 23.  Defendant produced almost 8,000 pages of documents to Plaintiffs, including

job descriptions for the ASM positions and various corporate documents discussing the ASM

position, its creation, and the duties and responsibilities of the position.  *Id.* ¶ 24.

### E.    Settlement Negotiations

On or about April 8, 2014, the Parties agreed to mediate this case and entered into a tolling agreement to explore a possible resolution of Plaintiffs' claims.  Swartz Decl. ¶ 25. Plaintiffs' Counsel obtained documents and data from Defendant that helped to assist in the analysis of hours worked.  Defendant produced data showing the number of Class Members in the ASM job title, salaries, incentive pay, weeks worked, and location of employment.  Plaintiffs retained an economic expert to analyze this data and constructed a damages model based on the data.  *Id.* ¶ 26.

On May 7, 2014 the Parties attended a full day mediation session in New York with Hunter Hughes, Esq., a well-known and experienced mediator in complex wage and hour law. At the mediation, the Parties reached an agreement on the settlement amount and other key terms.  During the next several months, the Parties negotiated the remaining terms of the settlement, which were memorialized in a formal Joint Stipulation of Settlement and Release ("Settlement Agreement") executed by the Parties on or about August 19, 2014.  Swartz Decl. ¶ 27.

## II.    SUMMARY OF THE SETTLEMENT TERMS

### A.    The Settlement Amount

The Settlement Agreement provides that Defendant will pay a maximum amount of Nine Million Nine Hundred Thousand and No/100ths Dollars ($9,900,000.00) to settle all claims against the Defendant (the "Maximum Settlement Amount").  Swartz Decl. ¶ 28; Ex. A (Settlement Agreement) § 3.1(A).  The Maximum Settlement Amount covers Class Members' awards, service payments, attorneys' fees and costs, settlement administrator's fees and costs,

and any and all taxes, including Employer Payroll Taxes.  Swartz Decl. ¶ 28; Ex. A (Settlement

Agreement) § 3.1(A).  Class Members must timely submit a Claim Form in order to receive a

settlement payment.  Ex. A (Settlement Agreement) § 1.4.

### B.    Eligible Employees

Class Members who are entitled to receive settlement payments include the Rule 23 Class

Members and FLSA Class Members.  Swartz Decl. ¶ 29.   The "Rule 23 Class" consists of the

following three sub-classes of individuals ("Rule 23 Class Members"):

     a.    New York Sub-Class:  The "New York Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the State of New York during the period from February 4, 2007 through the date the Court enters the Preliminary Approval Order;

     b.    Pennsylvania Sub-Class:  The "Pennsylvania Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the Commonwealth of Pennsylvania during the period from February 4, 2010 through the date the Court enters the Preliminary Approval Order; and

     c.    New Jersey Sub-Class:  The "New Jersey Sub-Class" consists of all current and former ASMs employed by Defendant in its branches in the State of New Jersey during the period from February 4, 2011 through the date the Court enters the Preliminary Approval Order.  Ex. A (Settlement Agreement) § 1.30.

The "FLSA Class Members" consist of any and all current and former ASMs employed

by Defendant in TD Bank retail stores nationwide during the period from March 14, 2011,

through and including the date the Court enters the Preliminary Approval Order.  Swartz Decl. ¶

29(b); Ex. A (Settlement Agreement) § 1.15.

### C.    Releases

The Settlement Agreement provides that all Rule 23 Class Members who do not timely

opt out of the settlement will release their state wage and hour law claims.  Ex. A (Settlement

Agreement) § 4.1(A).  Rule 23 Class Members and FLSA Class Members who timely sign and

return a Claim Form ("Opt-in Plaintiffs") will release their FLSA claims.  Ex. A (Settlement Agreement) § 4.1(B).

### D.    Allocation Formula

Class Members will be paid pursuant to an allocation formula based on the number of weeks for which they were employed during the relevant limitations periods.  For each workweek within the relevant liability period, each New York Sub-Class Member will be assigned four (4) points, each Pennsylvania Sub-Class Member will be assigned five (5) points, each New Jersey Sub-Class Member shall be assigned three (3) points, and each FLSA Class Member shall be assigned three (3) points.  Swartz Decl. ¶¶ 32-35; Ex. A (Settlement Agreement) § 3.4(B).

The Claims Administrator will then divide the total number of points for each Class Member by the total number of points for all Class Members to determine each Class Member's portion of the "Net Settlement Fund".  Swartz Decl. ¶ 36; Ex. A (Settlement Agreement) § 3.4(B)(5)(a), (b).

Any unclaimed funds and un-negotiated Settlement Checks to Class Members that remain uncashed 90 days after the date of mailing shall revert to TD Bank within 30 days. Swartz Decl. ¶ 37; Ex. A (Settlement Agreement) § 3.1(D).

### E.    Attorneys' Fees and Litigation Costs

Plaintiffs' Counsel will apply for up to one third of the Maximum Settlement Amount as attorneys' fees.   Additionally, Plaintiffs' Counsel will seek reimbursement for their reasonable litigation costs and expenses from the Maximum Settlement Amount.  Ex. A (Settlement Agreement) § 3.2(A).  The Court need not decide the attorneys' fees and costs issue now. Pursuant to Federal Rule of Civil Procedure 23(h) and 54(d)(2), Plaintiffs' Counsel will file a

Motion for Approval of Attorneys' Fees, Incentive Awards, and Reimbursement of Expenses along with their Motion for Final Approval of the Settlement.

### F.    Service Awards

In addition to their individualized awards under the allocation formula, Plaintiffs will apply for additional payments in recognition of the services they rendered on behalf of the class ("Service Awards").  Ex. A (Settlement Agreement) § 3.3(A).  Plaintiffs will move for Court approval of the Service Awards of $15,000 each to Named Plaintiffs Kathleen Hurst and Sadia Syed; for approval of Service Awards of $12,000 each to Opt-in Plaintiffs Katherine Dionne, Jonathan Knight, and Roni Neumann; for approval of Service Awards of $10,000 each to Michael Puglisi, Faina Miller, and Clayton Mills; and for approval of Service Awards of $7,000 each to Opt-In Plaintiffs Freddy Cuevas, Magan Kinnison, Georgina Lewis, and Kim Pedigo. Ex. A (Settlement Agreement) § 3.3(A).  Plaintiffs will move for Court approval of the Service Awards simultaneously with Plaintiffs' Motion for Final Approval of the Settlement.

### G.    Settlement Claims Administrator

The Settlement Claims Administrator ("Claims Administrator") will be Angeion Group, which was selected by Class Counsel and approved by Defendant.  Swartz Decl. ¶ 42; Ex. A (Settlement Agreement) § 1.31.  The Claims Administrator's fees will be paid from the Maximum Settlement Amount.  Ex. A (Settlement Agreement) § 1.16.

## III.   CLASS ACTION SETTLEMENT PROCEDURE

The well-defined class action settlement procedure includes three distinct steps:

1.    Preliminary approval of the proposed settlement after submission to the Court of a written motion for preliminary approval;

2.    Dissemination of mailed and/or published notice of settlement to all affected class members; and

3.    A final settlement approval hearing at which class members may be heard regarding the settlement, and at which argument concerning the fairness, adequacy, and reasonableness of the settlement may be presented.

*See* Fed. R. Civ. P. 23(e); *see also* Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* ("*Newberg*"), § 11.22 *et seq.* (4th ed. 2002).  This process safeguards class members' procedural due process rights and enables the Court to fulfill its role as the guardian of class interests.  With this motion, Plaintiffs request that the Court take the first step – granting preliminary approval of the Settlement Agreement, conditionally certifying the settlement class, approving Plaintiffs' proposed Notices, and authorizing Plaintiffs to send them.

The Parties respectfully submit the following proposed schedule for final resolution of this matter for the Court's consideration and approval:

1.    The Notices and Claim Forms will be mailed to Class Members within 17 days after the Court grants Plaintiffs' Motion for Preliminary Approval of Settlement. Ex. A (Settlement Agreement) §§ 2.4(A)-(C).

2.    Within twenty (20) days of the mailing of the Notices and Claim Forms, the Settlement Claims Administrator will mail the Court-approved Reminder Notice to each Class Member.  Ex. A (Settlement Agreement) § 2.4(D).

3.    Class Members will have 30 days after the date the Settlement Notices are mailed to opt out of the settlement or object to it ("Notice Period").  Ex. A (Settlement Agreement) §§ 2.6(A), 2.8(A).  In order to receive their share of the Net Settlement Fund, Eligible Rule 23 Class Members must return their completed, signed Claim Form within forty-five (45 days) from the mailing of the Notice to them ("Consent Deadline").  In order to receive their share of the settlement amount, Eligible FLSA Class Members who are not also Rule 23 Class Members will be entitled to receive their share of the Net Settlement Fund only if they return their completed, signed Claim Form by the Consent Deadline.  *Id.* § 204 (B)-(C).

4.    A final fairness hearing will be held as soon as is convenient for the Court.

5.    Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the Fairness Hearing.  Ex. A (Settlement Agreement) § 2.9.

6.    After the final fairness hearing, if the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment.  If

no party appeals the Court's Final Order and Judgment, the "Effective Date" of the Settlement will be 35 days after the Court's Order Granting Final Approval of the settlement.  Ex. A (Settlement Agreement) § 1.11(A).

7.  If an individual or party appeals the Court's Order Granting Final Approval of the settlement, the "Effective Date" of Settlement shall be the day after all appeals are resolved in favor of final approval.  Ex. A (Settlement Agreement) § 1.11(B).

8.  The Settlement Claims Administrator will disburse settlement checks to the Class Members 17 days after the Effective Date.  Ex. A (Settlement Agreement) § 2.5(B), § 3.1(B).

## IV.  PRELIMINARY APPROVAL OF THE SETTLEMENT IS APPROPRIATE

The law favors compromise and settlement of class action suits.  *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (noting the "strong judicial policy in favor of settlements, particularly in the class action context") (internal quotation marks and citation omitted); *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 535 (3d Cir. 2004) ("[T]here is an overriding public interest in settling class action litigation, and it should therefore be encouraged.") (citation omitted); *see also Newberg* § 11.41 ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

The approval of a proposed class action settlement is a matter of discretion for the trial court.  *See Maywalt v. Parker & Parsley Petroleum Co.*, 67 F.3d 1072, 1079 (2d Cir. 1995).  "In exercising this discretion, courts should give proper deference to the private consensual decision of the parties."  *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2010 WL 5509089, at *2 (E.D.N.Y. Nov. 29, 2010) (internal quotation marks and citation omitted).  "In evaluating the settlement, the Court should keep in mind the unique ability of class and defense counsel to assess the potential risks and rewards of litigation . . . ."  *Id.* (internal quotation marks and citation omitted).

Preliminary approval requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties.  *Id.* at *2 (citations omitted).  To grant preliminary approval, the court need only find that

9

there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n-E. R.R.*, 627 F.2d 631, 634 (2d Cir. 1980) (quoting Manual For Complex Litigation (3d ed.) § 1.46 n.10) (internal quotation marks omitted); *Newberg* § 11.25 (noting that "[i]f the preliminary evaluation of the proposed settlement does not disclose grounds to doubt its fairness . . . and appears to fall within the range of possible approval," the court should permit notice of the settlement to be sent to class members) (citations omitted).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (citation omitted). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores*, 396 F.3d at 116 (internal quotation marks and citation omitted); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, No. 09 Civ. 486, 2012 WL 5305694, at *3 (E.D.N.Y. Oct. 4, 2012) (same); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (recognizing that courts rely on adversarial nature of litigated FLSA cases resulting in settlement to indicate fairness).

If the settlement was achieved through experienced counsels' arm's-length negotiations, "[a]bsent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *2 (E.D.N.Y. Feb. 18, 2011) (quoting *In re EVCI Career Colls. Holding Corp. Sec. Litig.*,  Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007)); *see also In re Top*

10

*Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761, 2008 WL 2944620, at *3 (S.D.N.Y. July 31, 2008) (same).

Preliminary approval is the first step in the settlement process.  It simply allows notice to issue and for Class Members to object or opt out of the settlement.  After the notice period, the Court will be able to evaluate the settlement with the benefit of Class Members' input.

### A.    The Settlement Is Fair, Reasonable, and Adequate.

In evaluating a class action settlement, courts in the Second Circuit generally consider the nine factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). Although the Court's task on a motion for preliminary approval is merely to perform an "initial evaluation," *Newberg* § 11.25, to determine whether the settlement falls within the range of possible final approval, or "the range of reasonableness," *id*. at § 11.26, it is useful for the Court to consider the criteria on which it will ultimately judge the settlement.

The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial;  (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.  *Grinnell*, 495 F.2d at 463.  All of the *Grinnell* factors weigh in favor of approval of the Settlement Agreement, and certainly in favor of preliminary approval.

### 1. Litigation Through Trial Would Be Complex, Costly, and Long (*Grinnell* Factor 1).

By reaching a favorable settlement prior to dispositive motions or trial, Plaintiffs seek to avoid significant expense and delay, and instead ensure recovery for the class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom. D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001) (citation omitted). This case is no exception, with approximately 2,300 Class Members and claims under federal and state law.

Further litigation would cause additional expense and delay. Extensive discovery would be required to establish liability and damages. In addition, the Parties likely would have filed cross-motions for summary judgment on Defendant's exemption defense. If the Court denied the motions, a fact-intensive trial would be necessary to determine Plaintiffs' and the class's exemption status. A trial would be lengthy and complex and would consume tremendous time and resources for all Parties and the Court. Any judgment would likely be appealed, further extending the litigation. For example, a similar case involving bank assistant managers who alleged that they were misclassified, *Bell v. Citizens Financial Group Inc.*, No. 10 Civ. 320 (W.D. Pa.), took three years to reach trial. The settlement, on the other hand, makes monetary relief available to Class Members in a prompt and efficient manner. Therefore, the first *Grinnell* factor weighs in favor of preliminary approval.

### 2. The Reaction of the Class Has Been Positive (*Grinnell* Factor 2).

Notice of the settlement and its details has not yet issued to the class. The Court should more fully analyze this factor after notice issues and Class Members are given the opportunity to

12

opt out or object.  At this early stage in the process, given that all Named and Opt-In Plaintiffs

have signed the Settlement Agreement, this factor weighs in favor of preliminary approval.  *See*

Swartz Decl. ¶ 42.

### 3.   Discovery Has Advanced Far Enough to Allow the Parties to Resolve the Case Responsibly (*Grinnell* Factor 3).

Although preparing this case through trial would require hundreds of hours of discovery

for both sides, the Parties have completed enough discovery to recommend settlement.  The

proper question is "whether counsel had an adequate appreciation of the merits of the case before

negotiating."  *In re Warfarin*, 391 F.3d at 537 (internal quotation marks and citations omitted).

"[T]he pretrial negotiations and discovery must be sufficiently adversarial that they are not

designed to justify a settlement . . . [, but] an aggressive effort to ferret out facts helpful to the

prosecution of the suit."  *In re Austrian*, 80 F. Supp. 2d at 176 (internal quotation marks and

citations omitted).  The Parties' discovery here meets this standard.  As set forth above in Section

I.B, Plaintiffs' Counsel conducted a thorough and extensive investigation into the merits of the

potential claims and defenses.  Swartz Decl. ¶¶ 13-15.   Defendant produced almost 8,000 pages

of documents through formal discovery, the Named Plaintiffs and Opt-In Plaintiffs responded to

discovery requests and produced documents to Defendant, and Defendant took the depositions of

two Named Plaintiffs and two Opt-In Plaintiffs.  *Id.* ¶¶ 22-24.  To allow the Parties to perform

damages calculations in preparation for mediation, Defendant produced data showing the number

of Class Members in the ASM job title, salaries, incentive pay, weeks worked, and location of

employment.  *Id.* ¶ 26.  Therefore, this factor favors preliminary approval.  *See Yuzary v. HSBC*

*Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) (approving

settlement early in case where the parties had conducted a thorough investigation, evaluated the

claims and defenses, and reached a settlement after arm's-length negotiations between the

parties); *Frank*, 228 F.R.D. at 185 (approving settlement of case "in the relatively early stages of discovery" where parties had exchanged extensive information pertaining to the identities of class members and to defendant's time and pay practices and where counsels' negotiations, while "cooperative," had "been in no way collusive").

### 4. Plaintiffs Would Face Real Risks If the Case Proceeded (*Grinnell* Factors 4 and 5).

Although Plaintiffs believe their case is strong, it is subject to considerable risk. "Litigation inherently involves risks." *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461 at *4 (E.D.N.Y. Aug. 6, 2012) (quoting *In re Painewebber Ltd. P'ships Litig.,* 171 F.R.D. 104, 126 (S.D.N.Y. 1997)). "If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the outcome." *In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y. 1969); *see also Massiah v. MetroPlus Health Plan, Inc.*, No. 11 Civ. 05669, 2012 WL 5874655, at *5 (E.D.N.Y. Nov. 20, 2012). In weighing the risks of establishing liability and damages, the court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian*, 80 F. Supp. 2d at 177 (internal quotation marks and citation omitted).

A trial on the merits would involve significant risks for Plaintiffs as to both liability and damages. Plaintiffs would have to overcome TD Bank's defense that Plaintiffs and Class Members were subject to the administrative, executive, and/or combination exemptions to the FLSA, and the corresponding exemptions under applicable state laws.

While Plaintiffs believe that they could ultimately establish Defendant's liability, this would require significant factual development. A trial on the merits would involve significant risks for Plaintiffs as to both liability and damages. For example, in the *Bell* case, which involved assistant bank managers similar to TD Banks ASMs, the jury returned a defense

verdict.  *Bell v. Citizens Fin. Grp., Inc.*, No. 10 Civ. 320 (W.D. Pa.).  Plaintiffs would also have

to prove willfulness in order to obtain a third year of liability of damages, as well as overcome

Defendant's likely argument that the fluctuating workweek should apply.  Plaintiffs' Counsel are

experienced and realistic, and understand that the resolution of liability issues, the outcome of

the trial, and the inevitable appeals process are inherently uncertain in terms of outcome and

duration.  The proposed settlement alleviates these uncertainties.  This factor therefore weighs in

favor of preliminary approval.

### 5. Maintaining the Class Through Trial Would Not Be Simple (*Grinnell* Factor 6).

The risk of obtaining class certification and maintaining it through trial is also present.

The Court has not certified the Rule 23 Classes yet, and the Parties anticipate that such a

determination would be reached only after further discovery and intense, exhaustive briefing.  In

opposing class certification, Defendant would likely argue that the differences among various job

positions and worksites and other individualized questions preclude class certification.  Although

Plaintiffs disagree with these arguments, defendants have prevailed on arguments like these.

*See, e.g.*, *Marlo v. United Parcel Serv., Inc.*, 639 F.3d 942, 949 (9th Cir. 2011) (affirming

decertification, citing "variations in job duties that appear to be a product of employees working

at different facilities, under different managers, and with different customer bases") (internal

quotation marks and citation omitted); *Myers v Hertz Corp.*, 624 F.3d 537, 549-51 (2d Cir. 2010)

(affirming denial of class certification in misclassification case based on evidence that class

members' duties varied by location).  Risk, expense, and delay permeate such processes.

Settlement eliminates this risk, expense, and delay.  This factor favors preliminary approval.

6.     **Defendant's Ability to Withstand a Greater Judgment Is Not Determinative (*Grinnell* Factor 7).**

It is unclear whether or not TD Bank could withstand a greater judgment.  However, even if TD Bank could withstand a greater judgment, its ability to do so, "standing alone, does not suggest that the settlement is unfair."  *In re Austrian*, 80 F. Supp. 2d at 178 n.9.  Therefore, this factor is neutral and does not preclude the Court from granting final approval.

7.     **The Settlement Amount Is Substantial, Even in Light of the Best Possible Recovery and the Attendant Risks of Litigation (*Grinnell* Factors 8 and 9).**

TD Bank has agreed to settle this case for the Maximum Settlement Amount of $9,900,000, which is substantial.  The settlement amount represents significant value given the attendant risks of litigation, even though recovery could be greater if Plaintiffs attained class certification, overcame motions to decertify any class or collective, succeeded on all claims at trial, and survived an appeal.

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'"  *Toure*, 2012 WL 3240461, at *4 (quoting *Frank*, 228 F.R.D. at 186).  "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'"  *Frank*, 228 F.R.D. at 186 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)).  "[T]here is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery."  *Grinnell Corp.*, 495 F.2d at 455 n.2.  "It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982); *see also Cagan v. Anchor Sav. Bank*

16

*FSB*, No. 88 Civ. 3024, 1990 WL 73423, at *12-13 (E.D.N.Y. May 22, 1990) (approving $2.3 million class settlement over objections that the "best possible recovery would be approximately $121 million").

Here, the settlement provides much more than "a fraction of the potential recovery."  By Plaintiffs' Counsel's estimation, the $9,900,000 settlement represents approximately 86.18% of the class's lost wages, assuming that Class Members worked an average of 40 overtime weeks per year and 7.5 overtime hours per week, if Defendant were to prevail on the fluctuating workweek argument.  Swartz Decl. ¶ 40.  Class Members will each receive an average settlement payment of approximately $2791.00 (net of attorneys' fees and costs, service awards, and claims administration fees, but before the deduction for employer payroll taxes).  Swartz Decl. ¶ 41. Weighing the benefits of the settlement against the available evidence and the risks associated with proceeding in the litigation, the settlement amount is reasonable.

*     *     *

The *Grinnell* factors all weigh in favor of issuing preliminary approval of the settlement. In the event that a substantial number of objectors come forward with meritorious objections, then the Court may reevaluate its determination.  Because the settlement, on its face, is "'fair, adequate, and reasonable, and not a product of collusion,'" *Frank*, 228 F.R.D. at 184 (quoting *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)), the Court should grant preliminary approval.

## V.   CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS FOR PURPOSES OF SETTLEMENT IS APPROPRIATE

For settlement purposes, Plaintiffs seek to certify three sub-classes under Federal Rule of Civil Procedure 23(e).  Specifically, Plaintiffs respectfully request that the Court conditionally

17

certify the New York Sub-Class, the Pennsylvania Sub-Class, and the New Jersey Sub-Class for purposes of effectuating the settlement.

As discussed below, the settlement sub-classes meet all of the certification requirements for class certification for settlement purposes, and Defendant does not oppose provisional certification for settlement purposes only.  Swartz Decl. ¶ 30; Ex. A (Settlement Agreement) § 2.3(D); *see also Newberg* § 11.27 ("When the court has not yet entered a formal order determining that the action may be maintained as a class action, the parties may stipulate that it be maintained as a class action for the purpose of settlement only."); *Cnty. of Suffolk v. Long Island Lighting Co.*, 710 F. Supp. 1422, 1424 (E.D.N.Y. 1989) ("It is appropriate for the parties to a class action suit to negotiate a proposed settlement of the action prior to certification of the class."), *aff'd in part, rev'd in part on other grounds*, 907 F.2d 1295 (2d Cir. 1990).

Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreements, and setting the date and time of the final approval hearing.  *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 792-95 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 382200, at *1 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

Under Rule 23(a), a class action may be maintained if all of the prongs of Rule 23(a) are met, as well as one of the prongs of Rule 23(b).  Rule 23(a) requires that:

> (1)     the class is so numerous that joinder of all members is impracticable;

> (2)     there are questions of law or fact common to the class;

> (3)     the claims or defenses of the representative parties are typical of
>          the claims or defenses of the class; and
>
> (4)     the representative parties will fairly and adequately protect the
>          interests of the class.

Fed. R. Civ. P. 23(a).  Rule 23(b)(3) requires the court to find that:

> questions of law or fact common to class members predominate over any
> questions affecting only individual members, and that a class action is
> superior to other available methods for fairly and efficiently adjudicating
> the controversy.

*Id.* at (b)(3).  In the Second Circuit, "Rule 23 is given liberal rather than restrictive construction, and courts are to adopt a standard of flexibility" in evaluating class certification.  *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 31 (E.D.N.Y. 2006) (quoting *Marisol A. v. Giuliani*, 126 F.3d 372, 377 (2d Cir. 1997)).

### A.     Numerosity

"[N]umerosity is presumed at a level of 40 members."  *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (citation omitted).  Plaintiffs easily satisfy this requirement because there are approximately 1,200 Rule 23 Class Members.  Swartz Decl. ¶ 43.

### B.     Commonality

The proposed settlement sub-classes also satisfy the commonality requirement, the purpose of which is to test "whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence."  *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  Although the claims need not be identical, they must share common questions of fact or law.  *Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of N.Y. & N.J.*, 698 F.2d 150, 153-54 (2d Cir. 1983).  The proper question is whether there is a "unifying thread" among the claims to warrant class

19

certification. *Kamean v. Local 363, Int'l Bhd. of Teamsters*, 109 F.R.D. 391, 394 (S.D.N.Y. 1986). Courts "construe[] the commonality requirement liberally." *Frank*, 228 F.R.D. at 181 (citation omitted).

This case involves numerous common issues. Plaintiffs and Class Members all bring the identical claims that Defendant misclassified them as exempt employees and failed to pay them overtime wages in violation of state wage and hour laws. Other common issues include, but are not limited to; (a) whether Defendant maintained true and accurate time records for all hours worked by Plaintiffs and Class Members; (b) what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records; and (c) whether Defendant acted willfully or in reckless disregard of the statute. *See Clark v. Ecolab Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2010 WL 1948198, at *3 (S.D.N.Y. May 11, 2010) (common issues that help to satisfy Rule 23 commonality requirement include "whether [Defendant] failed to pay Plaintiffs and the state settlement Class Members overtime premium pay for all hours they worked over 40 in a workweek; and . . . whether [Defendant] maintained accurate time records of the hours Plaintiffs and the state settlement Class Members worked"). For purposes of settlement only, TD Bank does not contest commonality.

### C. Typicality

Rule 23 requires that the claims of the representative party be typical of the claims of the class. "Like the commonality requirement, typicality does not require the representative party's claims to be identical to those of all class members." *Frank*, 228 F.R.D. at 182. Typicality is satisfied "when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Marisol A. v. Giuliani*, 126 F.3d 372 (2d Cir. 1997), at 376 (citation omitted). "[M]inor variations in the fact

patterns underlying individual claims" do not defeat typicality when the defendants direct "the same unlawful conduct" at the named plaintiff and the class. *Robidoux v. Celani*, 987 F.2d 931, 936-37 (2d Cir. 1993). Courts evaluate typicality "with reference to the company's actions, not with respect to particularized defenses it might have against certain class members." *Trinidad v. Breakaway Courier Sys., Inc.*, No. 05 Civ. 4116, 2007 WL 103073, at *6 (S.D.N.Y. Jan. 12, 2007) (quoting *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996)).

Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. Defendant classified all Plaintiffs and Class Members as exempt from overtime pursuant to the same company policy and pattern or practice. Plaintiffs shared the same job titles and had the same job duties as Class Members. They also claim the same injuries as do Class Members – that Defendant failed to properly pay them for overtime hours worked. Because Plaintiffs' wage and hour claims arise from the same factual and legal circumstances that form the basis of Class Members' claims, Plaintiffs satisfy the typicality requirement. *See Clem v. Keybank, N.A.*, No. 13 Civ. 789, 2014 WL 2895918, at *3 (S.D.N.Y. June 20, 2014) (typicality satisfied where "[p]laintiffs' wage and hour claims ar[o]se from the same factual and legal circumstances that form[ed] the basis of [c]lass [m]embers' claims"); *accord Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012). For purposes of settlement only, TD Bank does not contest typicality.

## D.    Adequacy of the Named Plaintiffs

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The adequacy requirement exists to ensure that the named representative will 'have an interest in vigorously pursuing the claims of the class, and . . . have no interests antagonistic to the interests of other class members.'" *Toure v.*

*Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007)

(quoting *Denney v. Deutsche Bank AG*, 443 F.3d 253, 268 (2d Cir. 2006)).  "[O]nly a conflict

that goes to the very subject matter of the litigation will defeat a party's claim of representative

status."  *Dziennik v. Sealift, Inc.*, No. 05 Civ. 4659, 2007 WL 1580080, at *6 (E.D.N.Y. May 29,

2007) (quoting *Martens v. Smith Barney Inc.,* 181 F.R.D. 243, 259 (S.D.N.Y. 1998)).  Plaintiffs

meet the adequacy requirement because there is no evidence that Plaintiffs have interests that are

antagonistic to or at odds with those of Class Members.  *See Capsolas v. Pasta Res. Inc.*, No. 10

Civ. 5595, 2012 WL 1656920, at *2 (S.D.N.Y. May 9, 2012) (adequacy met where there was no

evidence that named plaintiffs' and class members' interests were at odds).

     Plaintiffs' Counsel also meet the adequacy requirement of Rule 23(a)(4).  O&G attorneys

have "substantial experience prosecuting and settling employment class actions, including wage

and hour class actions[,] and are well-versed in wage and hour law and class action law."

*Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 473 (S.D.N.Y. 2013) (internal quotation marks and

citation omitted); *see also Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *5-6

(S.D.N.Y. Mar. 27, 2014) (appointing Shavitz Law Group as class counsel along with O & G);

*Yuzary*, 2013 WL 5492998, at *3 (finding O&G and Shavitz Law Group experienced and

adequate to serve as class counsel); *Toure*, 2012 WL 3240461, at *5 ("[O&G attorneys] have

substantial experience prosecuting and settling employment class actions, including wage and

hour class actions, and are well-versed in wage and hour law and in class action law").

Likewise, the Shavitz Law Group has acted as lead counsel or co-counsel on dozens of wage and

hour class and collective actions, including *Clem*, 2014 WL 1265909, at *5; *Yuzary*, 2013 WL

5492998, at *3; *Beckman*, 293 F.R.D. at 473; and *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ.

4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and the Shavitz Law

Group as Class Counsel based on their experience in "numerous wage and hour class and collective actions").  Courts have also repeatedly found Shulman Kessler LLP adequate to serve as counsel in wage and hour collective and class actions.  *See, e.g.*, *Sukhnandan v. Royal Health Care of Long Island LLC*, No. 12 Civ. 4216, 2014 WL 3778173, at *8 (S.D.N.Y. July 31, 2014) ("The work that [Shulman Kessler LLP] has performed in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests"); *Garcia*, 2012 WL 5305694, at *7 ("Class Counsel, Shulman Kessler LLP, are experienced employment lawyers with substantial experience prosecuting large-scale wage-and-hour class and collective actions."); *accord Morris*, 859 F. Supp. 2d at 616.  Winebrake & Santillo has also repeatedly been recognized as experienced wage and hour class action lawyers.  *See, e.g., Young v. Tri Cnty. Sec. Agency, Inc.*, No. 13 Civ. 5971, 2014 WL 1806881, at *4 (E.D. Pa. May 7, 2014) ("Winebrake & Santillo has particular experience with wage and overtime rights litigation"; noting that the firm "has been involved in dozen of class action lawsuits in this area of law, and the[y] . . . have significant experience and have enjoyed great success in the field."); *Craig v. Rite Aid Corp.*, No. 08 Civ. 2317, 2013 WL 84928, at *8 (M.D. Pa. Jan. 7, 2013) (finding that class counsel, including Winebrake & Santillo, "are experienced wage and hour class action litigators with decades of accomplished class action experience between them."); *Cuevas v. Citizens Fin. Grp.*, 283 F.R.D. 95, 101 (E.D.N.Y. 2012) (recognizing that the Winebrake Law Firm has "been appointed class counsel for dozens of wage and hour claims across the country").  *See also* Swartz Decl. ¶¶ 7, 11, Decl. of Gregg I. Shavitz ¶ 6; Decl. of Troy Kessler ¶¶ 7-9, 13; Decl. of Peter Winebrake ¶ 6.

### E.       Certification Is Proper Under Rule 23(b)(3)

Rule 23(b)(3) requires that common questions of law or fact not only be present, but also that they "predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ. P. 23(b)(3).  This inquiry examines "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594 (1997).  That Plaintiffs easily meet the Rule 23(a) criteria is a strong indicator that Rule 23(b)(3) is satisfied.  *Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986) (satisfaction of Rule 23(a) "goes a long way toward satisfying the Rule 23(b)(3) requirement of commonality").

### 1.       Common Questions Predominate

To establish predominance, Plaintiffs must demonstrate that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof."  *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 108 (2d Cir. 2007) (internal citation omitted).  The essential inquiry is whether "liability can be determined on a class-wide basis, even when there are some individualized damages issues."  *Marriott v. Cnty. of Montgomery*, 227 F.R.D. 159, 173 (N.D.N.Y. 2005) (quoting *In re Visa Check/MasterMoney Antitrust Litig*, 280 F.3d 124, 139 (2d Cir. 2001)).  Simply because a defense "'may arise and [] affect different class members differently does not compel a finding that individual issues predominate over common ones.'"  *Noble v. 93 Univ. Place Corp.*, 224 F.R.D. 330, 339 (S.D.N.Y. 2004) (quoting *In re Visa Check/MasterMoney*, 280 F.3d at 138).  Where plaintiffs are "unified by a common legal theory" and by common facts, the predominance requirement is satisfied.  *McBean v. City of New York*,

24

228 F.R.D. 487, 502 (S.D.N.Y. 2005).  The predominance requirement is "more demanding than the Rule 23(a) commonality inquiry and is designed to determine whether 'proposed classes are sufficiently cohesive to warrant adjudication by representation.'"  *Frank*, 228 F.R.D. at 183 (quoting *Amchem*, 521 U.S. at 623).

Here, Class Members' common factual allegations and common legal theory – that Defendant violated federal and state wage and hour laws by misclassifying them as exempt employees and failing to pay them for premium overtime hours – predominates over any factual or legal variations among Class Members.  *See Clem*, 2014 WL 1265909, at *4 (finding plaintiffs' common factual allegations and common legal theory predominate over any factual or legal variations among class members in wage and hour misclassification case); *Yuzary*, 2013 WL 5492998, at *4 (same); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730, at *16 (S.D.N.Y. Sept. 29, 2006) (plaintiffs "introduced sufficient proof that [d]efendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages").

### 2.    A Class Action Is a Superior Mechanism

The second part of the Rule 23(b)(3) analysis is a relative comparison examining whether "the class action device [is] superior to other methods available for a fair and efficient adjudication of the controversy."  *Green v. Wolf Corp.*, 406 F.2d 291, 301 (2d Cir. 1968); *see Amchem*, 521 U.S. at 617 ("The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." (internal quotation marks and citation omitted)).  Rule 23(b)(3) sets forth a non-exclusive list of factors pertinent to judicial inquiry into the superiority of a class action, including: the class members' interests in individually

controlling the prosecution or defense of separate actions; whether individual class members

wish to bring, or have already brought, individual actions; and the desirability of concentrating

the litigation of the claims in the particular forum.  Fed. R. Civ. P. 23(b)(3).

Here, Plaintiffs and Class Members have limited financial resources with which to

prosecute individual actions, and Plaintiffs are unaware of any pending individual lawsuits filed

by Class Members arising from the same allegations.  Concentrating the litigation in this Court is

desirable because much of the allegedly wrongful conduct occurred within its jurisdiction.

Employing the class device here will not only achieve economies of scale for putative Class

Members, but also will conserve the resources of the judicial system and preserve public

confidence in the integrity of the system by avoiding the waste and delay of repetitive

proceedings and prevent inconsistent adjudications of similar issues and claims.  *See Khait v.*

*Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *3 (E.D.N.Y. Jan. 20, 2010);

*Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).  A class action is the

most suitable mechanism to fairly, adequately, and efficiently resolve Plaintiffs' and Class

Members' claims.   For purposes of settlement only, TD Bank does not contest Rule 23(b)(3)

certification.

## VI.   PLAINTIFFS' COUNSEL SHOULD BE APPOINTED AS CLASS COUNSEL

O&G, Shavitz Law Group, Shulman Kessler, and Winebrake & Santillo should be

appointed as Class Counsel.  Rule 23(g), which governs the standards and framework for

appointing class counsel for a certified class, sets forth four criteria the district court must

consider in evaluating the adequacy of proposed counsel: (1) "the work counsel has done in

identifying or investigating potential claims in the action; (2) counsel's experience in handling

class actions, other complex litigation, and the types of claims asserted in the action; (3)

counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class."  Fed. R. Civ. P. 23(g)(1)(A).

The Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class.  Fed. R. Civ. P. 23(g)(1)(B).  The Advisory Committee has noted that "[n]o single factor should necessarily be determinative in a given case."  Fed. R. Civ. P. 23(g) advisory committee's note.

Plaintiffs' Counsel meet all of these criteria.  As set forth in the Swartz Declaration, Plaintiffs' Counsel have done substantial work identifying, investigating, prosecuting, and settling Plaintiffs' and Class Members' claims.  Swartz Decl. ¶¶ 13-27.  Additionally, Plaintiffs' Counsel has substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and the lawyers assigned to this matter are well-versed in wage and hour law and in class action law and are well-qualified to represent the interests of the class.  Swartz Decl. ¶¶ 7, 11, Decl. of Gregg I. Shavitz ¶ 6; Decl. of Troy Kessler ¶¶ 7-9, 13; Decl. of Peter Winebrake ¶ 6.  Accordingly, courts have repeatedly found Plaintiffs' Counsel to be adequate class counsel in wage and hour class actions.  *See supra* Section V.D; Swartz Decl. ¶ 11, Shavitz Decl. ¶ 6; Kessler Decl. ¶¶ 7-9, 13; Winebrake Decl. ¶ 6.

## VII.   THE NOTICE PLAN AND AWARD DISTRIBUTION PROCESS ARE APPROPRIATE

The content of the proposed Notices, which are attached to the Swartz Declaration as Exhibits B and C, fully complies with due process and Federal Rule of Civil Procedure 23.  Pursuant to Rule 23(c)(2)(B), notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language:
>
> (i)      the nature of the action;

      (ii)      the definition of the class certified;

      (iii)     the class claims, issues, or defenses;

      (iv)     that a class member may enter an appearance through an attorney if the member so desires;

      (v)      that the court will exclude from the class any member who requests exclusion;

      (vi)     the time and manner for requesting exclusion; and

      (vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

The proposed Notices here satisfy each of these requirements.  Additionally, they describe the terms of the settlement, inform the class about the allocation of attorneys' fees, and provide specific information regarding the date, time, and place of the final approval hearing. Courts have approved class notices even when they provided only general information about a settlement.  *See In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Willix*, 2010 WL 5509089, at *3-4.  The detailed information in the proposed Notices far exceeds this bare minimum and fully complies with the requirements of Rule 23(c)(2)(B).

The Settlement Agreement provides that the Notices will be mailed by the Claims Administrator to the last known address of each Class Member within 17 days of preliminary approval.  Ex. A (Settlement Agreement) §§ 2.4(A)-(C).  The Claims Administrator will take reasonable steps to obtain the correct addresses of any Class Member whose notice is returned as undeliverable and will attempt re-mailing.  Ex. A (Settlement Agreement) § 2.4(E).  As discussed above, the proposed Rule 23 Notices contain information about how to exclude oneself or object to the settlement.  Rule 23 Class Members will have 30 days from the date of mailing to submit opt-out requests or to comment on or object to the settlement.  Ex. A (Settlement Agreement) §§ 2.6(A), 2.8(A).  The Claims Administrator will mail Class Members their payments 17 days after the Effective Date.  Ex. A (Settlement Agreement) §§ 2.5(B), 3.1(B).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their

Motion for Preliminary Approval of Settlement and enter the Proposed Order.

Dated:  August 22, 2014
New York, New York

Respectfully submitted,
**OUTTEN & GOLDEN LLP**

/s/ Justin M. Swartz
Justin M. Swartz

Justin M. Swartz
Deirdre Aaron
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

Jennifer L. Liu
1 Embarcadero Center, 38th Floor
San Francisco, California 94111
Telephone:  (415) 638-8800
Facsimile:  (646) 509-2092

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz (admitted *pro hac vice*)
Susan H. Stern (admitted *pro hac vice*)
Keith M. Stern (admitted *pro hac vice*)
1515 S. Federal Highway, Suite 404
Boca Raton, Florida 33432
Telephone: (561) 447-8888

**SHULMAN KESSLER LLP**
Troy L. Kessler
Marijana F. Matura
510 Broadhollow Road, Suite 110
Melville, New York 11747
Telephone: (631) 499-9100

**WINEBRAKE & SANTILLO, LLC**
Peter Winebrake
Twining Office Center
Suite 211
715 Twining Road

Dresher, Pennsylvania 19025
Telephone: (215) 884-2491

***Attorneys for Plaintiffs, the Collective, and the
Putative Class***