## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

MICHAEL PUGLISI, FAINA MILLER,
KATHLEEN HURST, SADIA SYED, and
CLAYTON MILLS, on behalf of themselves and
all others similarly situated,

                    Plaintiffs,

      -against-

TD Bank, N.A.,

                   Defendant.

No. 13 Civ. 637 (GRB)

**[~~PROPOSED~~] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, APPROVAL OF THE FLSA SETTLEMENT, AND APPROVAL OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE PAYMENTS**

_HRS_

This matter came before the Court on Plaintiffs' Motions for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement; Approval of Attorneys' Fees and Reimbursement of Expenses; and Approval of Service Payments ("Final Approval Motions"). Defendant does not oppose the Motions.

      1.    Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement, the Declaration of Justin Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiffs' Final Approval Motions, the Court grants final approval of the $9,900,000.00 Maximum Settlement Amount memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms which are incorporated herein. Capitalized terms used

in this Order shall have the same meanings as set forth in the Settlement Agreement, unless otherwise defined herein.

2.      For settlement purposes, the Court certifies the Rule 23 Settlement Class defined in the Settlement Agreement pursuant to Fed. R. Civ. P. 23(e) ("Settlement Class").

3.      The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

4.      Outten & Golden LLP ("O&G"), Shavitz Law Group, P.A. ("Shavitz Law Group"), Shulman Kessler LLP ("Shulman Kessler") and Winebrake & Santillo, LLC ("Winebrake & Santillo"), which the Court previously appointed as Class Counsel, satisfies the adequacy requirements of Rule 23(a)(4).

5.      The Court approves the Fair Labor Standard Act settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

6.      The Court approves the settlement and all terms set forth in the Settlement Agreement, and finds that the settlement is, in all respects, fair, adequate, reasonable, and binding on all members of the Settlement Class who have not timely and properly opted out pursuant to Paragraph 4.1 of the Settlement Agreement.

7.      The attorneys at O&G, Shavitz Law Group, Shulman Kessler, and Winebrake & Santillo who prosecuted this case are experienced class action employment lawyers with good reputations among the employment law bar. The Court grants Plaintiffs' Motion for Attorneys' Fees and awards Class Counsel $3,300,000.00 in attorneys' fees, which is one-third of the settlement fund, plus $41,615.99 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class

Counsel undertook in bringing the claims. These amounts shall be paid from the settlement fund.

8.     The Court finds reasonable the service payments for the Plaintiffs in the amount of $15,000 each for Named Plaintiffs Kathleen Hurst and Sadia Syed; $12,000 each for Opt-in Plaintiffs Katherine Dionne, Jonathan Knight, and Roni Neumann; $10,000 each for Named Plaintiffs Michael Puglisi, Faina Miller, and Clayton Mills; and $7,000 each for Opt-in Plaintiffs Freddy Cuevas, Magan Kinnison, Georgina Lewis, and Kim Pedigo. This amount shall be paid from the settlement fund.

9.     The Court approves Angeion Group as the Settlement Claims Administrator.

10.    If no party appeals this Order, the "Effective Date" of the settlement will be 35 days after the Order is entered.

11.    If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved in favor of final approval.

12.    The Claims Administrator will disburse settlement checks to Class Members, Class Counsel's attorneys' fees and costs, and the service payments within 17 days of the "Effective Date."

13.    Upon the fulfillment of all settlement terms, the entire Litigation will be dismissed with prejudice, and without costs, expenses or attorneys' fees to any party except as provided in the Settlement Agreement and this Order. All Class Members who did not opt out and Plaintiffs are permanently enjoined from asserting, pursuing, and/or seeking to reopen claims that have been released pursuant to the Settlement Agreement.

14.    The Court retains jurisdiction over the interpretation and implementation of the Settlement Agreement.

15.    The parties shall abide by all terms of the Settlement Agreement.


It is so ORDERED this _30_ day of _July_, 2015

/s/ Gary R. Brown

Hon. Gary R. Brown,
United States Magistrate Judge

4